CASE 79—ORDINARY—OCTOBER 5, 1882.

# Louisville City Railway v. Weams.

### APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. An instruction that "the defendant, as a carrier of passengers for hire, was bound, as far as human foresight and care would enable it, to carry the plaintiff with safety, and that its obligation to the plaintiff did not cease until she had alighted and freed herself from defendant's car, or until she had alighted and had reasonable time to free herself," &c., &c., is erroneous.

2. It requires the utmost care and largest foresight belonging to mankind as the measure of care which appellants, by their agent, was bound to exercise.

3. The rule is that a carrier of passengers for hire must use the utmost care and skill which prudent men are accustomed to use under like circumstances.

4. The first and second rejected interrogatories are immaterial, but the court might properly have put the third and fourth to the jury.

5. The rule, under section 327, Civil Code, that when an answer to the interrogatory proposed would be inconsistent with, and destructive of, a general verdict, is imperative that the court shall direct the jury to find upon such issues as are embraced by the motion or interrogatory, but the court may reject the form proposed by counsel.

MARC MUNDAY FOR APPELLANT.

1. The first instruction given for the plaintiff is error. It makes no provision for contributory negligence of appellee, and makes no exception by which the appellants might have been relieved from liability. It does not provide for a careless delay of appellee in getting off the car. It makes appellants absolutely liable for the accident, with or without their fault.

2. The court erred in refusing to put interrogatories one, two, three, and four to the jury. (5 Duer., 193; 2 Frost & F., 730; Sherman & Redfield, secs. 265, 266; Civil Code, secs. 326, 327, and 328; 47 Penn., 300; Quisenberry v. Quisenberry, 14 B. Mon., 386; 2 Ala., 571; 5 Ib., 698; 3 Dessau, 165; Griffith v. Dickens, 2 B. Mon., 24; 2 Met., 566; Patterson v. Hansell, 4 Bush, 661.)

SIMRALL & BODLEY AND WM. LINDSAY FOR APPELLEE.

1. We know no proposition plainer than that a common carrier of passengers for hire is bound, as far as human foresight and care will enable it, to carry its passengers with safety.

2. Appellee was entitled to receive the highest degree of care possible on the part of the driver.

:3. Carriers of passengers are held to the strictest responsibility for care, vigilance, and skill on the part of themselves and those employed by them.

·4. Interrogatories one and two are wholly immaterial. The third and fourth were properly refused. (L. & P. R. R. Co. v. Smith, 2 Duv., 588, and authorities therein cited; Sherley v. Billings, 8 Bush, 151.)

·CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

The appellee, an old lady of about seventy-five years, while attempting to alight from a street-car propelled by horse-power, was thrown down and injured.

She brought this action to recover damages for the injuries she sustained, alleging in effect that the driver of the car was guilty of negligence in starting it before she had a reasonable opportunity of alighting, which resulted in her being thrown down and greatly bruised.

The neglect was denied by the appellant, and her contributing fault was relied on in avoidance.

A trial was had, and appellee recovered a verdict and judgment for the sum of twenty-five hundred dollars as compensatory damages.

The appellant prosecutes this appeal from the judgment, insisting on a number of errors, none of which will be considered except that relating to the instructions, and the questions which appellant's counsel moved the court to propound to the jury.

The instructions given, save the first, were unobjectionable.

By it the court told the jury that by law "the defendant, as a carrier of passengers for hire, was bound, *as far as human foresight and care would enable it, to carry the plaintiff with safety*, and that its obligation to the plaintiff did not cease until she had alighted and freed herself from defend-

ant's car, or until she had alighted, and had reasonable time · and opportunity to free herself therefrom," &c.

This instruction so defined the care that appellant should have exercised as to require the driver to use such care to protect her as would have shown, after the accident, that nothing was left undone which might have contributed to that object, and avoided the accident.

The utmost care and largest foresight of the most skillful human being belonging to the race was prescribed as the · measure of care which the driver was bound to exercise.

Such a degree of care and skill is impracticable, and would, if exacted, force the railroads of this class to employ none but persons who were perfect in skill and care · so far as any human being may become so. It will be seen, at a glance that such a rule would stop the business of the road, or force it to become responsible for every accident where it can be seen after it has happened that it might have been avoided.

The rule is that a carrier of passengers for hire must use · the utmost care and skill which prudent men are accustomed to use under like circumstances.

The degree of care and skill increase with the hazards of the mode of conveyance employed by the carrier.

But the rule, as stated, is applicable, and all that should be demanded of railroad companies of this class, and it should not be broadened to such an extent, even when the · mode of conveyance is by steam, as to make the business of the road so expensive as to render it absolutely impracticable to carry it on.

The appellant should have all the skill and foresight used in the operation of its road which belongs to persons whose services it is reasonably practicable for it to obtain; but it

Louisville City Railway v. Weams.

cannot excuse itself from responsibility for the acts of an unskillful, imprudent, or negligent servant on the ground that it was impracticable to obtain any other; for, while persons of great ingenuity or eminently scientific skill may not be obtained, yet the company should not conduct its business through agents of less than ordinary skill and care in such business. The cases of Louisville and Portland Railroad Co. v. Smith, 2 Duvall, and Sherley, &c., v. Billings, 8th Bush, are not in conflict with these views, but support them, and suggest with some force their philosophy and reason.

It follows from these principles that the instruction indicated was erroneous.

As a new trial must be awarded, it is only necessary to say, with reference to the rejected interrogatories which appellant asked the court to propound to the jury, that the first and second were immaterial; but the court might, with propriety, have put the third and fourth to the jury.

The rule under section 327, Civil Code, where an answer to the interrogatory proposed would be inconsistent with and destructive of a general verdict, is imperative that the court shall direct the jury to find upon such issues or facts as are embraced by the motion or interrogatory; but the court may reject the form proposed by counsel, and put the questions or prescribe the mode of eliciting the special verdict according to its sound discretion.

Wherefore, the judgment is reversed, and cause remanded, with directions to grant appellant a new trial.