CASE 97—PETITION, ORDINARY—FEBRUARY 9.

## Louisville Railway Co. v. Park.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. PASSENGER CARRIERS.—DUTY TO FURNISH SAFE MEANS OF EXIT.—
   The same rule as to the liability of carriers applies to transportation by city railways as by ordinary steam travel. And especially is this true as to the duty to furnish a safe means of exit from cars.

2. SAME.—While the high degree of care required of carriers as to passengers while they are being actually transported may not apply to persons intending to become passengers, or to passengers after they have reached their destination, yet as the right of the passenger to a safe means of exit is a part of the contract of transportation and of the very essence of it, the same degree of care is required of the carrier as to that matter as is required as to any other matter pertaining to the actual transportation of the passenger.

   In this action against a street railway company to recover damages for injuries received by plaintiff while being transported by defendant as a passenger, the plaintiff alleging in her petition that the defendant had negligently allowed the step of its car to become worn and also negligently allowed the mud to accumulate upon the step, by reason of which plaintiff slipped and fell in alighting from the car, the court properly instructed the jury that it was the duty of defendant to use the highest degree of practical care and diligence which prudent persons are accustomed to use in defendant's business

Louisville Railway Co. v. Park.

and consistent with the mode of transportation adopted by it, the court further defining the terms "negilence" and "negligently" wherein used in the instructions to mean any failure to use such care and diligence.

3. SAME.—As the court not only properly instructed the jury in general terms as to the degree of care required, but specifically told them that if the step " was in a reasonably safe condition for use, and that the mud thereon was only such as would ordinarily gather there, the weather considered, while the car was in transit from its starting point to the point where plaintiff fell," they should find for defendant, certainly defendant has no right to complain.

4. SAME.—INSTRUCTIONS TO JURY.—The court properly refused to instruct the jury " that if plaintiff was hurt accidentally the law is for defendant," defendant not having so pleaded in its answer.

5. EXCESSIVE VERDICT.—As the testimony of physicians shows that plaintiff's general health is greatly impaired, and that she suffered great bodily pain, a verdict for three thousand dollars is not excessive.

HUMPHREY & DAVIE FOR APPELLANT.

WALTER EVANS FOR APPELLEE.

1. There being a conflict of testimony, this court will not disturb the finding of the jury, unless there was some material error of law committed by the court. (Crutcher v. Beatty, 15 Ky. Law Rep.; Whilton v. Richmond, &c., R. Co., 57 Fed. Rep., 554.)

2. For the slightest negligence against which human prudence, diligence and skill can guard, and by which injuries occur to passengers, the carrier will be liable in damages. And while a railroad company is sometimes held bound to use ordinary care only for the safety of persons, that is either before the relation of carrier and passenger begins or after it has ended. That rule never obtains in this State *while the relation exists.* (Louisville City Railway Co. v. Weams, 80 Ky., 422; L. & N. R. Co. v. Ritter's Adm'r, 85 Ky., 370; Louisville Southern R. Co. v. Minogue, 90 Ky., 376; Illinois Central R. Co. v. Sandusky, 14 Ky. Law Rep., 767; Central Passenger R'y Co. v. Bishop, 9 Ky. Law Rep., 348.

3. Instructions should be construed with reference to one another. (11 Am. & Eng. Enc. of Law, 250; Rucker v. Hamilton, 3 Dana, 44.)
   And when the instructions are so considered in this case they correctly present the law.

JUDGE GRACE DELIVERED THE OPINION OF THE COURT.

This is an appeal by the Louisville Railway Company from a judgment rendered by the Jefferson Cir-

cuit Court (Common Pleas Division) against it in favor
of Ruth Park, for the sum of three thousand dollars
in damages for personal injuries sustained by appellee
while a passenger on the cars of that company and in
alighting therefrom.

Appellee states in her petition that appellant was a
common carrier of passengers to and from certain
points specified along its line of railway, in the city
of Louisville, and appellee being a passenger on the
cars of appellant, along the course of its railway, and
having paid her fare as such, and reaching her destina-
tion, and having given the usual signal, the car stopped,
and that in getting off said car she slipped and fell on
the steps of said car, though using due diligence and
care on her part and without fault on her part, and
that thereby she sustained serious personal injury, and
she so slipped and fell on plaintiff's car, by reason of
negligence and carelessness of appellant in suffering
and permitting the step of said car from which she
slipped and fell to become and remain greatly worn on
the outer edge of same; and by the negligence of said
road, its agents and employes in suffering and permit-
ting the mud to accumulate in considerable quantity
on said step, and, by reason of constant use by passen-
gers, to become hard, and being thus packed hard, was
by the rains of the day made slippery, whereby she
fell.

The answer of appellant controverts each of these
allegations as charged by appellee; denies that the
step of their car was much worn, or worn at all, so
as to make it dangerous, and denies that it permitted
any accumulation of mud on said step, other than

such as necessarily accumulated on same along its line of travel and between its regular termini at the eastern and western ends of its road; denies any negligence whatever on the part of its agents, employes, or any or either of them; denies that appellee received or sustained any injury; denies that she exercised due care and prudence on her own part; denies that the rear step of said car, where appellee slipped and fell, was in an unsafe condition; denies that she received her injuries by reason of either or both the matters complained of by her in her petition, and finally affirms that her injuries, if any, were the result of her own negligence and carelessness.

On the issues thus made up, after one mistrial, the parties again went to trial, and on the 14th of October, 1893, the jury found for appellee in the sum before stated, whereon judgment being rendered and motion for a new trial being made and overruled, the Railway Company prosecutes this appeal.

Of the evidence, it is sufficient to say that both parties introduced proof tending to sustain their respective contentions, as made by their pleadings, and whereon issues had been joined, and after a careful examination of same, we are satisfied that the finding of the jury in this case is not within the line wherein this court has felt authorized under the law to set aside verdicts of juries for want of sufficient testimony to sustain same.

The only other question, therefore, that need be examined for error is as to the instructions given by the court, and whether those given at the instance of the appellee, or by the court of its own motion (all being

excepted to by appellant), contained a correct exposition of the law of the case, and were not prejudicial to the material rights of appellant.

There were seven instructions given by the court; and without copying the same in full it may be said briefly that in so far as they, or either of them, authorized any finding for appellee, they were carefully based upon the two matters complained of by appellee in her petition—one that the step of the car from which she slipped and fell was worn off on the outer edges, and the other that by reason of the accumulation of mud on said step it was rendered more dangerous than it otherwise would have been ; the jury being told that if these two things concurred, or either alone existed, and that same was so suffered to remain and exist by reason of the negligence of appellant, and if, in addition, by reason of same, appellee using herself due care and caution, nevertheless slipped and fell, and so received the injuries complained of, then the company was liable ; appellee being careful in the instructions asked of the court to define the degree of care and diligence required of said company in reference to the two things complained of—one the inherent defect in the step by reason of its worn condition, and the other by reason of the excessive accumulation of mud on said step.

The degree of care and diligence required of the railway company in the general definitions given on this subject were, that said company should use the " utmost degree of care and diligence," or the highest degree of practical care and diligence which prudent persons are accustomed to use in defendant's busi-

ness, and consistent with the mode of transportation adopted by it, and further defining the terms "negligence," and "negligently," whenever used in the instructions, to mean any failure to use the care and diligence defined above; the sixth instruction given by the court, and at the instance of appellee, giving the definitions in a general way of those terms, "diligence" and "negligence," whenever used in the instructions. So that this limitation—that the care required of appellant should never be greater or go beyond that used by a prudent person, in matters of a like or the same nature—is clearly set out in the instructions; and no instruction given goes beyond this limit or this standard.

This limitation of the degree of care and diligence to be used by a railway company in the transportation of its passengers to that used by a prudent man in like or similar business, and having regard also to the means or mode of transportation adopted by appellant, is the same standard as marked out and laid down by this court at least as early as 1882, in the case of the Louisville City Railway Co. v. Weams, 80 Ky., 420, as designating the true line of the liability of railways in Kentucky, and same has been uniformly followed in Kentucky since that time.

That limitation of the degree of diligence required of railways in the transportation of passengers to that of the same diligence used by a prudent man, was and yet remains a material modification of the diligence usually required of such companies engaged in such business, as stated by the leading authors on the subject of common carriers, and as held by quite a

number of the Eastern States where the population is dense and travel extensive.

Mr. Ray is quoted by appellant as saying, when carriers undertake to convey passengers by the powerful and dangerous agency of steam, public policy and safety require that they be held to the *greatest possible care and diligence.* This court has heretofore held that the same liability of carriers applies to transportation by city railways as by ordinary steam travel. And in this case the fault, if any, was in the means of exit from the cars of appellant, which necesssarily applies, whether the mode of transportation be by steam or other power. It is a right guaranteed to every passenger, a safe means of ingress and egress, these things being necessarily incident to his contract for transportation.

Mr. Hutchinson is also quoted by appellant's counsel as stating the rule to be for the highest and utmost care as applicable to such appliances as would likely cause great danger. He says, however, that this is not applicable to stair-ways, halls, platforms, and the like. That may be true. Persons intending to become passengers, or persons after they have reached their destination, may have more time for care and prudence on their own part, but in such cases the contract of transportation has not commenced, or has terminated. In this case it is of the very essence of it, a part of the contract, this safe exit.

Again Mr. Thompson is quoted by appellant as saying the rule imposing this highest degree of care and skill has this limitation, that it applies only to those measures and means of safety, which the pas-

sengers must of necessity trust wholly to the carrier; that it applies only while the carrier is, in a certain sense, the bailee of the person of the passenger.

The case at bar comes up fully to these stipulations. What other means of exit had the appellee in this case than those provided by the railway company? And surely its duty to her as a passenger is not ended until she is safely off and clear of appellant's car.

But the main question in this connection, to which the court is seeking to call attention, is the fact that these authors in speaking of the diligence required, say: "The highest possible diligence," "the utmost possible care," "the greatest diligence attainable," and so on, without the important limitation already adopted in Kentucky and embraced in these instructions, that all this was to be compared with and limited by that care and diligence of a prudent man. This, as we note, is already a material concession under the rule in Kentucky to that required by quite a number of our sister States and by noted text-writers. And the argument of appellant's counsel in this case is, not that the instructions given and governing the trial of same are erroneous under the standard fixed by the courts in Kentucky, but that a further modification should now be made; that a further relaxation of diligence on the part of the railways should be conceded, and that this standard fixed should not be applied to the means of exit provided for a passenger on their trains. We do not think further concession sanctioned by sound public policy, or by any due regard to the safety of life and limb of the passengers on railways. That

they are now only required to use the highest dili-
gence used by prudent men in like or the same busi-
ness, is but a reasonable standard.   We see no reason
for any departure from it.

What we have said to this point refers to the gen-
eral outline of the instructions and to the general
definition as given in same, whereby the whole may
be correctly interpreted.   Not only did the court do
this in instructions 1, 3, 4 and 6, as asked by appellee's
counsel, but the court of its own motion went further
and gave two other instructions based upon the par-
ticular facts of this case, and in same specifically
pointed out wherein in this case appellant might be
liable, and wherein it would not be liable, thus plac-
ing the facts in this case directly before the jury.
The instructions referred to are Nos. 2 and 5.   No. 2
reads as follows :

"But when the plaintiff became a passenger on
defendant's car, it did not insure her safety, but
only undertook to observe the utmost degree of care
and skill which prudent persons engaged in that or
the same business usually exercise, to carry her
safely to her destination and to provide her a reason-
ably safe means of alighting from the car, and unless
the jury believe from the evidence that the defendant
failed to use that degree of care and skill in providing
a reasonably safe means of alighting from the car, and
that plaintiff was injured by reason of such failure,
then the law is for the defendant and the jury should
so find."

Instruction No. 5 reads as follows :

"If the jury shall believe that the step from which

plaintiff fell was in a reasonably safe condition for use, and that the defendant used the degree of care which prudent persons in the same business usually observe to keep it in a safe condition from mud, then the law is for the defendant; or if they shall believe from the evidence that the said step was in a reasonably safe condition for use, and that the mud thereon was only such as would ordinarily gather there, the weather considered, while the car was in transit from Jefferson street and Baxter Avenue to the point where plaintiff fell, they should not find that the defendant was guilty of negligence but should find for the defendant."

Thus the court, while laying down the rule of diligence and deducing therefrom the rule or law of negligence in general terms, yet in the same series of instructions, and as a part of the law of the case, makes or gives its own interpretation of same to the jury as applicable to the particular facts of the case before them.

This was as favorable a statement of the law of the case as any case to which counsel for appellant have cited the court. The court not only submitting the general doctrine under which appellant might be held liable, but pointing out the specific facts upon which appellant relied for its defense, and saying to the jury that if they believed those to be the facts of the case that they should find for defendant.

On these points we think the law was correctly given, and no error is apparent to the prejudice of appellant.

Instruction No. 7 only lays down the criterion of

damages, provided the jury should find for plaintiff, and seems to be in the usual form.

Under the evidence in the case, if the jury were authorized to find for appellee at all, the amount of damages awarded her is not excessive. The evidence of the physicians who testify in the case shows her injuries were most serious, impairing her general health greatly; that they were painful, causing her great bodily pain and suffering, and neither expresses the opinion that she will ever again be a sound healthy woman.

Appellant also complains of error in the court in refusing instructions asked by it and refused by the court, as A: "That if plaintiff was hurt accidentally, * * * the law is for defendant, and the jury should so find." This seems a mere abstraction, not being laid down on any line claimed by either plaintiff or defendant as embracing the law of the case. Defendant had not so pleaded in its answer.

B. The court instructed the jury that the plaintiff cannot recover of the defendant in the matter charged in her petition, viz: Muddy and slippery steps; and that this is the only issue of negligence which the jury has to try.

This excludes all consideration by reason of defect in the step being worn off, and was properly refused.

Instruction C, while embracing correctly two propositions that the court did submit—one that the railway company was not an insurer of the safety of plaintiff, and another, that if the mud on the step was only the accumulation on that trip, yet it omitted the defect charged in the step itself.

D. That the railway was only bound to use such diligence in keeping its steps clear of mud as ordinarily prudent persons use, &c. This covers the standard of diligence required of railway companies.

Wherefore, perceiving no material error in this record to the prejudice of the appellant, the judgment is affirmed.