CASE 38—ACTION TO RECOVER DAMAGES FOR PERSONAL INJURIES.— MAY 7.

# Davis v. Paducah Railway & Light Co.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.   REVERSED.

CARRIERS—STREET RAILROADS—CARE DUE PASSENGERS—CONTRIBUTORY NEGLIGENCE—PANIC AMONG PASSENGERS—PROXIMATE CAUSE—INSTRUCTION AS TO BURDEN OF PROOF.

Held:  1. The duty of a street railroad company to a passenger to protect her from injuries from its appliances is not fulfilled by recent inspection of its cars, or by an inspection by a competent employe, but the law requires of it "the utmost care and skill which prudent men are accustomed to use under similar circumstances."

2. It was error to instruct the jury that it was the duty of plaintiff, when going upon defendant's cars, "to exercise due care and caution, use her eyes, and act with reasonable care and judgment for her own safety, more especially if she found the car unusually overcrowded with passengers," but the court should instead

Davis v. Paducah Ry. & Light Co.

have instructed the jury that it was incumbent on plaintiff while on the car "to exercise such care and caution as might be reasonably expected of a person of ordinary prudence situated as she was."

3. If the negligence of defendant produced a flash of fire, followed by smoke in the car, causing a panic among the passengers, whereby plaintiff was injured, that negligence was the proximate cause of the injury, provided the conduct of the passengers was such as might reasonably be expected under similar circumstances, considering the crowded condition of the car and the fact that it was moved by electricity.

4. A passenger makes out a *prima facie* case against the carrier when he shows an injury resulting from a defect in any of those things the carrier is bound to supply.

5. It is safer to so frame instructions as to indicate the burden of proof without expressly referring to it, and therefore the court should have instructed the jury that, if plaintiff's injury was due to any defect in the car or cars on which she was riding, or the machinery or appliances connected therewith, and she did not, by her own want of ordinary care, contribute to the injury, they should find for her the damages she thereby sustained, unless they believed from the evidence defendant had exercised the utmost care and skill which prudent men are accustomed to use under similar circumstances to ascertain any defects in the car and appliances and secure their safety.

6. When specific facts are alleged constituting contributory negligence, the instructions should be confined to those facts.

HENDRICK & MILLER, ATTORNEYS FOR APPELLANT.

### POINTS DISCUSSED AND AUTHORITIES.

1. Good faith is no part of the definition of negligence.

2. Contributory negligence, to be available as a defense, must be alleged in the plea. L. & N. R. R. Co. v. Schuster, 10th L. R., 65; and though plaintiff contribute to his injury, it will not bar a recovery unless he is in *fault* in so doing. South Cov. & Cin. St. Ry. v. Ware, 84 Ky., 267; also that standing upon a crowded street car when there is no room to sit, is not contributory negligence. C. & O. Ry. Co. v. Lang's Admr., 19 Ky. Law Rep., page 65, 100 Ky., 221.

3. Although plaintiff may have contributed to his own injury, if it be done through sudden fright, or because confronted with unexpected danger caused by the negligence of defendant, defendant is still liable. 84 Ky., 267.

4. An electric street railway company owes it to its passen-

Davis v. Paducah Ry. & Light Co.

gers to keep the current of electricity moving its cars under per-
fect control, and so to insulate and guard its cables, wires, elec-
trical machinery, etc, as to afford passengers on its cars per-
fect protection therefrom, and to use the utmost care to keep
them so guarded and insulated.    Thomas' Admr. v. Maysville
Gas Co., 21 Ky. Law Rep., 1690; McLaughlin v. Louisville Elec-
tric Light Co., 100 Ky., 173; Overall v. Same, 20 Ky. Law Rep.,
759; Schweitzer's Admr. v. Citizens' General Electric Co., 21 Ky.
Law Rep., 608; Macon v. Paducah Ry. & Light Co., 23 Ky. Law
Rep., 46.

5. Where a passenger is hurt because of defect in the ma-
chinery, or hidden defect in any way, especially because of some
defect in electrical appliances, the burden is upon the common
carrier to show affirmatively that all appliances, machinery, etc.,
were in good condition, and that those in charge of its cars and
machinery were free from negligence. Central Passenger Ry.
Co. Kuhn., 86 Ky., 578; Cooley on Torts, 663; 2d Hilliard on
Torts, 587; L. & N. R. R. Co., v. Ritter, 85 Ky., 367; Watson's
Admr. v. Ohio Valley R. R. Co., 93 Ky., 654.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellant, Rachel Davis, was a passenger on one of the
cars of the appellee, the Paducah Railway & Light Com-
pany. The car was very much crowded, and she, being un-
able to get a seat inside of the car, was on the front plat-
form. As we understand the proof, she was on the front end
of the front car, on which was the motor, and behind it were
two other cars, called "trailers," which were pulled by it.
The cars were coming into the city from the fair ground, and
when they first started were moved slowly, to give the con-
ductor time to take up the fares. When the motorman ap-
plied the full power of the current, according to the proof
for appellant, the car began to slow up, and there was a flash
of light. The motorman hallooed out loud enough to be
heard three squares away: "Throw that trolley off back
there. Don't anybody get off this car. There is no danger.
Don't anybody get off." He hallooed this several times.
The passengers in the car cried, "Fire! The car is on fire!"

and began to jump out through the windows, and to rush out
pellmell at the doors. The appellant was holding on to the
car. The heat flashed up, and burned her hand, so that she
had to let go. When she did this, the crowd surging by her
knocked or pushed her off the car and trampled upon her,
inflicting very serious and painful injuries. She was badly
bruised, externally and internally, so that blood passed
from the bowels, bladder, and mouth, and her leg was seri-
ously, if not permanently, injured. The proof for the ap-
pellee only conflicts with that of appellant as to the amount
of the flash of flame which caused the stampede among the
passengers. On the facts the court instructed the jury as
follows: "(1) The court instructs the jury that on the oc-
casion the plaintiff boarded the defendant's street car
named in her petition, it was the duty of the defendant
company to have provided safe cars in a safe condition in
which for passengers to ride in so far as human foresight
and judgment by recent inspection could enable the defend-
ant company to know, or in good faith to believe, the cars
in good condition by being inspected by a competent em-
ploye. The court further instructs the jury that on the oc-
casion aforesaid it became the legal duty of the plaintiff,
when going upon said cars, to exercise due care and caution,
use her eyes, and act with reasonable care and judgment
for her own safety, more especially if she found the car un-
usually overcrowded with passengers. (2) The court fur-
ther instructs the jury that if you shall believe from the evi-
dence the cars upon which plaintiff entered on the occasion
named in instruction No. 1 were in an unsafe condition, and
that said want of safety in the cars was known to the de-
fendant or its employes, or that the same should have been
discovered by the inspection of a competent person; and if
you shall further believe from the evidence that by reason

of such unsafety of said cars, or by the negligent operation of the same (if you believe the same was negligently operated), the plaintiff received the injuries complained of, the law is for the plaintiff, and you will so find; and if you find for the plaintiff you will find compensatory damages; that is, damages for the pain, physical and mental, which you may believe from the evidence she suffered before the bringing of this suit, for the loss of time, and for doctor's bill, and for medicine to cure her, and for any permanent injury she may have sustained, altogether not exceeding the amount claimed in plaintiff's petition. (3) The court further instructs the jury that if you shall find for the plaintiff under instruction No. 2, hereinbefore given, your finding of damages shall be limited to the amount you may believe from the evidence the plaintiff sustained alone on account of her falling or jumping from the car to the ground, which she received by her own act in so doing, excluding from your minds and estimate any and all injuries which she may have sustained by reason of other outside negroes running over her or tramping on her after she fell to the ground, as in law the defendant company would not be liable for what other persons may have injured her. (4) The court instructs the jury that, unless you shall believe from the evidence that said motor street car moving the train on the occasion aforesaid when the plaintiff entered upon the train was defective or unsafe, and that such unsafety or defectiveness could have been discovered prior thereto by a competent inspector of the same, or unless you shall believe from the evidence that said cars on said occasion were negligently operated by defendant's employe, then and in such case you can not find for the plaintiff, but the law would be for the defendant and you

will so find." Under these instructions the jury found for the defendant.

The first instruction does not correctly state the degree of care required of the car company. Its duty to its passengers is not fulfilled by recent inspection, or by an inspection by a competent employe. The rule is thus well stated in 2 Shear. & R. Neg., sec. 495: "Out of special regard for human life, and acting upon the presumption that every man who commits his person to the charge of others expects from them a higher degree of care for his bodily safety than they would bestow upon the preservation of his property, the law very wisely exacts from a common carrier of passengers for hire, in the performance of his duties as such, the utmost care and skill which prudent men are accustomed to use under similar circumstances." This rule was followed in Railway Co. v. Weams, 80 Ky., 420 (4 R., 287), where the court added: "The degree of care and skill increases with the hazards of the mode of conveyance employed by the carrier." The latter clause of the first instruction is objectionable, and in lieu of it the court should have told the jury that it was incumbent on the plaintiff while on the car to exercise such care and caution as might be reasonably expected of a person of ordinary prudence situated as she was. The second and fourth instructions are objectionable for the same reason as the first. But the most objectionable instruction is the third, by which the jury were told that the plaintiff could not recover for the injuries received by the passengers running over her after she was pushed off the car by them and fell to the ground. If the defendant's negligence caused the panic among the passengers, and their conduct was the natural result of its negligence, or was such as might reasonably be expected under the circumstances, considering the crowded condition

of the car, and the fact that it was propelled by electricity, the defendant is answerable; although it would not be responsible if the panic among the passengers which caused the injury to the plaintiff was needless, and there was no apparent danger that might reasonably be expected to cause a panic among the passengers. If the defendant was negligent, and this negligence produced a flash of fire, followed by smoke in the car, and this caused the stampede of the passengers, and made them run over the plaintiff, it can not be held as a matter of law that her injury was not the proximate and natural result of the defendant's negligence. Thus, where the defendant threw a squib into a market house, and it was knocked from one person to another in an effort to prevent its injuring him, the person who was injured at last by its explosion, it was held, could recover from the person who originally threw it. So, where, in a quarrel with a boy on the street the defendant followed the boy, with a pickax, into another's store, and the boy, in striving to get away, knocked out a faucet from a cask of wine, and the wine was spilled, the pursuer was held liable. So, where, though the negligence of a railroad, fire fell on a horse and its driver in the street, the horse ran away with the wagon, and the driver, in attempting to stop the horse, reined it against the curbstone, and thus injured a person on the sidewalk, the railroad was held responsible to the person injured, without regard to whether or not the driver did, in the emergency, the most prudent thing. Bish. Noncont. Law, secs. 45; 46. So, where the whistle of a locomotive is needlessly and wantonly sounded near a highway, causing a team of horses to run, and to kill another horse, the owner of the latter may recover of the railroad for the loss. Id. sec. 457. See, also, 1 Sedg. Meas. Dam., secs. 128 129.

The plaintiff asked the court to give the jury this instruction, which was refused: "(c) The court instructs the jury that plaintiff must prove she was injured by the negligence of defendant; but, if the accident in which she was injured was caused by the act or omission of those in charge of the operation of its cars, or by any defect in or about the car or cars on which she was riding, or the machinery or appliances connected therewith, the law presumes that same was the result of negligence on the part of the defendant, and defendant must show affirmatively that there was no negligence, and that all proper and necessary examinations had been made and precautions taken to insure the safety of the plaintiff while riding on its cars, and that the accident in which she was hurt, if she was hurt, occurred without fault on its part." The rule is settled that, where the passenger shows a break in the railroad track, or the breaking of an axle or wheel of a car, he makes out a *prima facie* case in a suit to recover for an injury received by reason of such defect. This rule applies to all those things which the carrier is bound to supply, and are defective, by reason of which an injury to the passenger occurs. 2 Shear. & R. Neg., sec. 516. But this court has in a number of cases said that it is better not to instruct the jury as to burden of proof, and it is safest to so frame the instruction as to indicate the burden of proof without expressly referring to it. Under this rule the court should have instructed the jury that, if the plaintiff's injury was due to any defect in the car or cars on which she was riding, or the machinery or appliances connected therewith, and she did not, by her own want of ordinary care, contribute to the injury, they should find for her the damages she thereby sustained, unless they believed from the evidence that the defendant had exercised the utmost care and skill which prudent men are accustomed

to use under similar circumstances to ascertain any defects in the car and appliances and secure their safety. The phraseology of the second instruction should have been modified so as to convey this idea. A separate instruction is unnecessary.

We have considered the case as though the defendant had pleaded contributory negligence generally. This it did not do, but alleged certain facts. When specific facts are alleged as constituting contributory negligence, the instruction should be confined to these facts; but on the return of the case the defendant may have leave to amend its answer in this regard, if it desires to do so. The usual instruction as to contributory negligence should be given as a qualification of No. 2.

Judgment reversed, and cause remanded for further proceedings consistent with this opinion.