## Louisville & Nashville Railroad Company v. Kemp's Administrator.

(Decided September 18, 1912.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Third Division).

1. Railroads—Action Against for Personal Injury—Evidence—Peremptory Instruction.—In an action by a passenger to recover for an injury caused by a sudden jerk of the train, a peremptory instruction should not be given where there was evidence that the jerk was violent and unusual.

2. Proximate Cause of Injury—Competency of Evidence.—In such an action proof that the injury brought about a miscarriage followed by a cancer was competent, it being a question for the jury whether the injury was the proximate cause of the cancer.

3. Judgment—When Will Not Be Reversed for Refusal to Give Instruction.—A judgment will not be reversed for the refusal to give instructions which were practically embodied in those given by the court, or which could not have affected the result.

4. Railroads—Safety of Passengers—Exercise of Care.—It is the duty of those operating a railroad train to use for the safety of the passengers the utmost care exercised by prudent and skillful persons in the management of railroad trains.

CHAS. H. MOORMAN, BENJ. D. WARFIELD and JAMES J. DONAHUE for appellant.

O'DOHERTY & YONTS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

On August 23, 1909, Mrs. Annie B. Kemp was a passenger on a train of the Louisville & Nashville Railroad Company from Pendleton to Lagrange, Ky., and as she was leaving the train at Lagrange was thrown to the floor of the car, sustaining injuries, to recover for which she brought this suit against the company. During the progress of the action she died, and the action which sought a recovery for her pain and suffering was revived in the name of her administrator. On the trial of the case there was a verdict and judgment in favor of the plaintiff for $3,000.00 The defendant appeals.

The proof for the plaintiff which seems to have been accepted by the jury, showed in brief these facts. Mrs. Kemp was sitting in the seat next to the door, and when passengers for Lagrange were called to get off, got up and started out; just as she got to the door or near it, the train gave a sudden violent motion forward and then suddenly stopped; by the jerk she was thrown to the floor, striking her hip against something as she fell and giving her a violent internal jar; the brakeman assisted her up and took her to a seat; she was taken on to Louisville, where she was met by the company's physician, who went with her to her sister's, and there examined her; on August 25th she had a miscarriage, and some days later her womb was curetted, and the placenta removed; she continued at her sister's for some weeks under the care of physicians, then returned to her home, but was never well; that fall, a cancer of the womb developed, and she died the following winter; up to her injury on the car she was a healthy, rosy-cheeked woman 39 years old, weighed 165 pounds, and was an invalid from that time until her death, suffering intensely.

On the other hand, the proof for the defendant showed there was no violent or unusual jerk of the train; Mrs. Kemp, about a month before, had received an injury at home and was in a weak condition to travel on the train, and the troubles which she afterwards suffered from were due to these causes and not to her fall on the train, the cancer, according to this proof, antedating the fall in the car.

It is insisted that the court erred in refusing to instruct the jury peremptorily to find for the defendant,

and that the verdict is palpably against the evidence, but we cannot sustain either of these contentions. It is manifest that the woman was thrown violently to the floor of the car. The character of her fall sustains the testimony for her as to the jerk of the train, for no other cause for such a fall appears in the record. She was evidently badly hurt because she was taken on to Louisville on the train, although her ticket was for Lagrange, and the company's doctor was wired to meet the train. She was, as could be seen from her appearance, not in a normal condition after the fall. That she suffered a miscarriage two days later and that this was due to the fall is equally established by the plaintiff's evidence; for in view of the proof for her as to her good health, it is hard to believe this miscarriage could have been due to an injury she received at home a month before, and whether it was due at least in part to the fall in the car, was a question for the jury. The same is true of the evidence as to the cancer.

The jury were properly allowed to hear all the proof as to her condition after the fall that they might intelligently determine the extent of her injuries therefrom. There was evidence that the cancer set up after the injury and was the result of it. Such questions are from their nature largely problematical, but they are nevertheless for the jury, where the evidence is conflicting. It is only where on the plaintiff's evidence alone the probability is no stronger for his theory than the other, that such question may be taken from the jury.

The court instructed the jury in substance, (1) It was the duty of the defendant's servants to use the highest degree of care for the safety of its passengers, including the plaintiff. (2) If, as the train was stopping at Lagrange, they negligently caused it to start in a sudden violent and unusual motion, and by reason of this she was thrown to the floor of the car and injured, they should find for the plaintiff. (3) Unless they so believed, they should find for the defendant. (4) If they found for her, they should find such a sum as would fairly compensate her estate for the mental and physical pain resulting directly from the injuries she so received. (5) The term negligently means the failure to use the highest degree of care. The highest degree of care means the utmost care exercised by prudent and skillful

persons in the management and operation of railroad trains.

The fifth instruction is taken from the case of Lou. Ry. v. Weams, 80 Ky., 420, and that case has been approved in a number of later cases. (Louisville Ry. Co. v. Park, 96 Ky., 585; Davis v. Paducah Ry. Co., 113 Ky., 273; L. & N. R. R. Co. v. Reynolds, 24 R., 1404; South Covington Ry. Co. v. Riegler, 26 R., 669.)

The defendant asked the court to instruct the jury that the plaintiff could not recover unless the deceased was caused to fall by an unusual or unnecessary jerk of the train. This instruction was, in substance, embraced in instruction 3, given by the court. Instructions 2 and 3 asked by the defendant, were in substance given in this instruction of the court. The evidence does not show that the deceased was in such a state of health that she could not safely travel alone, and if the instruction the defendant asked on this subject had been given, it would have had no appreciable effect on the result. There was no other evidence tending to show contributory negligence on the part of the plaintiff, or to warrant an instruction thereon.

On the whole record, we conclude that the case was fairly tried on the merits, and that the verdict of the jury should not be disturbed.

Judgment affirmed.