# Shelton Taxi Company v. Bowling.

(Decided May 24, 1932.)

818

W. W. REEVES for appellant.

CRAFT & STANFILL and J. T. BOWLING for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The Shelton Taxi Company, a corporation with its headquarters at Hazard, was engaged in the business of transporting passengers and baggage for hire. On July 16, 1929, Elijah Bowling and four other men contracted with the driver of one of its taxis to transport them to Roanoke, Va., and return, for the sum of $11 apiece. On the return trip the lights of the taxicab became defective, and would go on and off. The parties stopped at Abbington, Va., to procure bulbs, but were unable to do so. According to Bowling he protested against going further without lights. According to the driver something was said about not proceeding on the journey, but finally all agreed to go on. While enroute the taxicab left the highway, was overturned, and Bowling was injured.

This suit was brought by Bowling against the Shelton Taxi Company to recover damages. The defense was a general denial and a plea of contributory negligence. The trial before a jury resulted in a verdict and judgment for $2,500, to reverse which this appeal is prosecuted.

1. The petition was not demurrable on the ground that it failed to allege that Bowling paid his fare. It did allege that Bowling entered into a contract with the taxi company by the terms of which it agreed and undertook for a valuable consideration to transport Bowling as a passenger from Hazard to Roanoke, Va., and return. In the circumstances he was a passenger, even though he did not pay his fare.

Equally without merit is the contention that the petition was defective in that it did not allege that the driver was operating the car by the authority of, and with the knowledge of, appellant, and within the scope

of his employment. As appellant was actually engaged in the business of transporting passengers for hire, and the taxicab was under the control and management of the driver, the driver's position was the same as that of the driver of a bus company, or the conductor of a train, and we have never held that, in the acceptance of passengers, it was necessary to allege that either the one or the other was acting by the authority, and with the knowledge, of his principal, and within the scope of his employment.

But the point is made that the allegation was material because it developed on the hearing that appellant's manager had instructed the drivers not to go on long trips without permission. The uncontradicted evidence shows that appellant placed its taxi in charge of the driver and authorized him to carry passengers and contract for their carriage. Clearly the contract made with appellee was within the apparent scope of his authority, and appellee, a passenger without notice, was not bound by any secret instructions given to the driver.

2. More than a year after the accident the trial court permitted Bowling to file an amended petition alleging injuries to his eyes, and it is insisted that this was error as it set out a new cause of action, which was barred by the one-year statute of limitations. Appellee's cause of action was appellant's negligence resulting in his injuries, and this was fully pleaded in the original petition. The amended petition did not state a new cause of action, but merely amplified the consequences arising from the cause of action already pleaded. Therefore the plea of the statute was not available, and the court did not err in permitting the amended petition to be filed. Williamson's Adm'r v. Norfolk & Western R. Co., 160 Ky. 158, 169 S. W. 613; Middlesboro Home Telephone Co. v. Louisville & N. R. Co., 214 Ky. 822, 284 S. W. 104.

3. Another error complained of is the failure of the court to grant a continuance on the filing of the amended petition. All that the record discloses is that a formal motion for a continuance was filed. The motion did not allege surprise or inability to meet the allegations of the amended petition, or any other grounds for the continuance. On this showing the court did not abuse a sound discretion in refusing the continuance.

4. Complaint is made of the fact that appellee was permitted to testify that appellant carried liability insurance. On his direct examination appellee made no

reference whatever to the fact that appellant carried liability insurance. The matter was developed on cross-examination in the following way:

"Q. What did you say to him about taking you to Roanoke? A. We wanted to make a trip to Roanoke to see a colored Doctor that was over there and we wanted a company that had insurance on its cars and this boy told us that his car was insured and explained to us how much we would get if any of us were hurt, and he said our family would get Ten Thousand Dollars ($10,000.00) if any of us were killed."

Appellant then moved the court to exclude the testimony and set aside the swearing of the jury, which motion was overruled. Then the following occurred:

"Q. Tell the jury about what kind of a contract you had? A. We inquired for some one that had insured cars; he said he had insurance and we finally agreed to pay him Eleven Dollars ($11.00) each since we were insured and he told us all about it; and he explained to us all about the insurance."

Again there was a motion to exclude the answer and set aside the swearing of the jury, which motion was overruled. As the bringing of the matter of liability insurance to the attention of the jury was not due to any question or suggestion on the part of counsel for Bowling, there is no basis for the claim of bad faith on their part. Nor can it be said that Bowling went out of his way to testify on the subject. The evidence was elicited by the two questions, "What did you say to him about taking you to Roanoke?" and, "Tell the jury about what kind of a contract you had." There can be no doubt that his answers were fairly responsive to the questions asked, and having been elicited on cross-examination appellant is not in a position to complain that the matter of liability insurance was brought to the attention of the jury.

5. As the amended petition pleading injury to appellee's eyes was properly filed the court did not err in admitting evidence on the question.

6. Though it may be true that appellee's other injuries were not sufficient to sustain a verdict for $2,500, yet as appellee's sight was permanently impaired, and the evidence that this was due to the accident was suf-

ficient to make the question one for the jury, it cannot be said that the verdict is excessive.

7. Complaint is made of the refusal of the court to give an offered instruction on contributory negligence, it being argued that there was evidence tending to show that appellee elected to continue the journey with knowledge of the fact that the lights were defective. Appellant being engaged in the business of transporting passengers for hire, was a common carrier, Louisville & N. R. Co. v. Molloy's Admx., 122 Ky. 219, 91 S. W. 685, 28 Ky. Law Rep. 1113; Anderson v. Yellow Cab Co., 179 Wis. 300, 191 N. W. 748, 31 A. L. R. 1197, and therefore under the duty to use the highest degree of care for the safety of its passengers, and "the highest degree of care" means the utmost care exercised by prudent and skillful persons in the operation of the conveyance. Louisville & N. R. Co. v. Kemp's Admr., 149 Ky. 344, 149 S. W. 835; Consolidated Coach Corporation v. Hopkins, 228 Ky. 184, 14 S. W. (2d) 768. In view of this rule appellee had the right to assume that appellant's driver, whatever may have been the situation, would exercise the care necessary to transport him safely. The driver was not subject to his control, or under his direction, and appellee was under no duty to warn him, or to interfere with his driving. In short, the case is one where appellee did nothing that tended in the least to bring about the accident, and appellant could not transfer to him, a mere passenger, its responsibility for its own neglect. Isbell v. Pittsfield Electric St. R. Co., 196 Mass. 296, 82 N. E. 3; Harmon v. Barber, 247 F. 1, 159 C. C. A. 219, L. R. A. 1918F, 428; Little v. Hackett, 116 U. S. 366, 6 S. Ct. 391, 29 L. Ed. 652; McKellar v. Yellow Cab Co., 148 Minn. 247, 181 N. W. 348. There is authority for the position that, whether due care was exercised by a passenger in continuing the journey without protest after the headlights had failed, was a question for the jury. Horney v. Dillingham et al., 81 Cal. App. 443, 253 P. 970. Whether that doctrine be sound or not, we need not determine. It is sufficient to say that Bowling's evidence that he did protest against going further without lights being uncontradicted, the situation was not such as to make the rule applicable. It follows that the offered instruction was properly refused.

On the whole we find no error in the record prejudicial to appellant's substantial rights.

Judgment affirmed.