## Carter v. Ward et al.

(Decided Oct. 27, 1933.)

H. H. OWENS and T. B. CULTON for appellant.

TYE, SILER, GILLIS & SILER and BLAKEY, DAVIS & LEWIS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming in part and reversing in part.

Eliza Carter sought a recovery against W. E. Ward, Elbert Hutson, and Lawrence Hensley for personal injuries sustained by her in an automobile collision. She was unsuccessful, and has appealed.

On December 19, 1931, Mrs. Carter was a passenger for hire in a taxi operated by Ward in the city of Corbin, Ky., and was en route from the center of said city to the home of Arthur Cassada in the southern part thereof. The street they were traveling is paved with a concrete slab 18 feet wide, and has an intervening strip of earth between this slab and the sidewalks on the sides of the street. The taxi met and collided with a Dodge sedan owned by Hutson and driven by Hensley, and thereby Mrs. Carter was injured. The cause of this collision is disputed.

Mrs. Carter testified Ward was driving between 45 and 50 miles per hour; that Ward saw the Hutson car coming; that he slowed up, then undertook to beat it; that Ward was not on his side of the road, and the collision resulted.

For Ward, the evidence is he was driving 15 or 20 miles per hour; that it was a rainy day; that the Hutson car had been driven so near the edge of the con-

crete slab that the right-hand wheels had slipped off of it and into the mud; that, as he neared the Hutson car, it suddenly came up onto the concrete, shot across it, and struck his car in the side.

Hensley, by answer, denied he was negligent, and by cross-petition against Ward took the same position taken by Mrs. Carter regarding the accident, and he asked for $2,500 against Ward for personal injuries he sustained.

Hutson in his answer and cross-petition took the same position, and asked for $225 against Ward for damages done his car.

When this cause came on for trial, Hensley and Hutson dismissed without prejudice their cross-petitions against Ward. That left them still defendants to Mrs. Carter's action.

At the conclusion of the evidence, the court instructed the jury to find for Hutson, and Mrs. Carter did not except.

She then offered instructions I, II, and III as against Ward, which the court gave. On motion of one of the defendants (the record does not show which one), the court gave instruction IV, and the court on its own motion gave instructions V and VI. Mrs. Carter excepted to instruction IV and to that part of instruction V wherein the court undertook to define "The Highest Degree of Care."

Instruction IV might have been correct had Mrs. Carter been an invited guest in Ward's taxi, but it was erroneous in this instance, as Mrs. Carter was a passenger for hire. The definition of "The Highest Degree of Care" is correctly given in Shelton Taxi Co. v. Bowling, 244 Ky. 817, 51 S. W. (2d) 468. The court upon a retrial will adopt that definition, will omit instruction IV, and will add to instruction II these words:

"And unless you so believe and find from the evidence as above, you will find for the defendant."

Dr. Smith was called by, and testified for, the defendant Ward. On cross-examination he was asked who employed and paid him for his services, and he answered, "Mr. Langin." Mrs. Carter then sought to

show that Mr. Langin was the agent of Ward's insurance carrier, but was not allowed to do so. That was error. Mrs. Carter could not have called Dr. Smith as a witness for herself and asked about his connection with Ward's insurance carrier, but, after her adversary had called him as a witness against her, she then had a right to ask about his business connection with, or employment by, Ward or his insurance carrier, or any other thing showing bias or interest calculated to affect him in the giving of his testimony. This evidence was admissible for that purpose only, and the court should so admonish the jury. See Trevillian v. Boswell, 241 Ky. 237, 43 S. W. (2d) 715; Moy Quon v. M. Furuya Co., 143 Pac. 99.

Since Mrs. Carter did not except to the direction of a verdict as to Hutson, the judgment is affirmed as to him; as she asked for no instruction against Hensley, it is affirmed as to him; but, as to Ward, the judgment is reversed.