## Yellow Cab Taxi et al. v. Brackett's Adm'r.

February 25, 1949.

J. B. Wall & Son for appellants.

George R. Pope for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Willie Brackett, administrator of the estate of his deceased daughter, Patsy Brackett, recovered a judgment for $4,000 against Ted Durham and Jim Hall for the death of his daughter, allegedly caused by the unsafe condition of a taxicab in which she was a passenger. The taxicab was owned by Durham and was being operated by Hall at the time Patsy Brackett met her death. The taxicab business was conducted by Durham under the name of Yellow Cab Taxi. It is argued that the trial court erred in three respects: (1) In refusing to direct a verdict for the appellants; (2) in refusing to give In-

struction A offered by appellants on the contributory negligence of the child's mother, Ruth Brackett; and (3) in defining the term "highest degree of care" in Instruction No. 4.

The Brackett family lived at Ridgeway in Harlan County, and in January, 1947, Ruth Brackett, with three of her children, went to Lothair in Perry County, a distance of sixty miles, to visit her sister. On January 28, 1947, she started on the return trip in Durham's taxicab. According to her and her sister she got in the rear seat with her three children, one of whom was a small baby. The weather was cold, and Jim Hall, driver of the taxi, directed that she get out with the baby and ride on the front seat where it would be warmer. He also said that would afford more room for the other two children. Hall closed the doors of the taxicab, and, according to Ruth Brackett's sister, Mrs. Ida Jewell, Hall had considerable trouble in closing the left rear door. About five or six miles from Lothair, as the taxicab passed over a dip or low place in the road, the left rear door flew open and Patsy Brackett fell out and was killed. She was about 3½ years of age at the time of her death. Appellee introduced four witnesses who testified that they rode in the taxicab in question at about the time of the accident, and that the left rear door was in bad condition and would not remain closed. Henry Witt was asked to describe the condition of the cab, and he said:

"The left hand door, you could have stuck your fingers through that far; you could run your fingers through, and it was in bad shape, * * * it would jump open. Jim reached back and jerked it too, and it would stay; he would have to jerk it two or three times before it would stay. * * * He said, 'Don't lean against the door, one has already fell out and been killed. Don't lean against it, it is dangerous.' "

Three other witnesses testified to substantially the same effect. Ida Jewell had a conversation with Jim Hall after the accident. She asked him how it happened, and he replied:

"I don't know, unless when the car hit the low place, it slung the child against the door and knocked the door open."

Appellants and three witnesses introduced by them, all of whom were employees of Ted Durham, testified that the door of the taxicab was not defective. The evidence as to the condition of the door in question was conflicting, and was amply sufficient to take the case to the jury.

Appellants argue that there was evidence of contributory negligence on the part of the mother of the child, and that Instruction A offered by them on the question should have been given. Burton v. Spurlock's Adm'r, 294 Ky. 336, 171 S.W.2d 1012, is cited, but in that case a six year old child was sent into a place of peril by the parent. Here, there is no evidence of negligence on the part of the mother. It was not her duty, as argued by appellants, to inspect the doors of the taxicab in order to ascertain whether or not they were in a safe condition. According to appellee's witnesses, she rode in the front seat at the direction of the driver of the taxicab. He testified that Mrs. Brackett first got in the rear seat, but her sister told her to get in the front seat by the heater which she did. At least, she rode in the front seat with the driver's permission and approval, and she had the right to assume the rear doors of the taxicab were in a safe condition. The driver admitted that he closed and locked the doors. An instruction on contributory negligence was not warranted by the evidence. Shelton Taxi Co. v. Bowling, 244 Ky. 817, 51 S.W.2d 468.

Instruction No. 4 reads:

"The Court instructs the jury that the term 'Negligently' as used in these instructions means the failure to use the highest degree of care. The highest degree of care means the utmost care and skill exercised by prudent and skillful persons in the management and operation of taxicabs."

Appellants complain of that part of the instruction which defines the highest degree of care as "the utmost care and skill exercised by prudent and skillful persons in the management and operation of taxicabs." Undoubtedly, the instruction would have been improved by the addition of the words "under like, or similar, circumstances," Louisville & N. R. Co. v. Campbell, 237 Ky. 182, 35 S.W.2d 26, but the instruction as given was

not prejudicially erroneous. An instruction in precisely the same language was approved in Louisville & N. R. Co. v. Kemp's Adm'r 149 Ky. 344, 149 S.W. 835. See, also, Louisville Railway Company v. Park, 96 Ky. 580, 585, 29 S.W. 455, and Shelton Taxi Co. v. Bowling, supra.

The judgment is affirmed.