## BURCH v. BYRD.

Court of Appeals of Kentucky.
Feb. 22, 1952.

A. E. Funk, Jr., Middlesboro, W. R. Lay and Grant Knuckles, Pineville, for appellant.

James W. Smith and F. R. Whalin, Middlesboro, Henry L. Bryant, Pineville, for appellee.

CLAY, Commissioner.

Sammy Burch, a four year old boy, was killed as the result of coming in contact with a moving truck owned by appellee. In a suit by appellant, his administrator, the jury denied recovery. On this appeal it is urged: (1) the trial court erroneously gave an instruction on the contributory negligence of Sammy's parents; and (2) appellant was entitled to a directed verdict because the physical facts pointed unerringly to the negligence of the truck driver.

The accident took place one afternoon in Middlesboro near the intersection of highway 25 E and Cherry Avenue. The highway is 16 feet wide. The truck was proceeding south. The boy was standing on the east, or left hand side, facing away from the highway. According to the testimony of the driver and the person riding with him, when the truck was 8 or 10 feet from the boy he turned and darted out into the highway. Another witness stated that he saw the child going toward the truck about middleways between the front and rear wheels, and the left rear wheel knocked him down.

The child was unattended when the accident occurred at about 4:00 p. m. He had spent most of the day with his grandmother who lived on Cherry Street, west of the intersection. The parents resided on the next street over from Cherry, and they had sent the boy to his grandmother's that morning. During the day the child's mother had authorized him to go to Owen's grocery store, on the southwest corner of the highway and Cherry Street. It appears this was the second trip he had made that day, and it did not require him to go upon the highway. In the past he had occasionally been permitted to go to the store by himself.

The court instructed the jury in substance that if they believed the use of the highway where the accident occurred was dangerous and not reasonably safe for children, and further believed that Sammy's parents, or either of them, negligently permitted the child to be on that highway unattended, and the accident would not have happened without such negligence, then they should find for the defendant, even though they believed the driver was negligent. Such instruction was proper provided there was evidence of such parental negligence. See Wheat's Adm'r v. Gray, 309 Ky. 593, 218 S.W.2d 400, 7 A.L.R.2d 1336.

Appellant insists that since the parents had never authorized the child to go upon the traveled portion of the highway unattended, they could not be guilty of contributory negligence. They cite Brown McClain Transfer Co. v. Major's Adm'r, 251 Ky. 741, 65 S.W.2d 992, and Yellow Cab Taxi v. Brackett's Adm'r, 309 Ky. 504, 218 S.W.2d 53. In the first case a child who had been told to go in the house by its mother disobeyed her and ran out into the street. In the second, the mother was in the front seat of the taxicab when her child fell out a rear door. In neither of those cases are the facts similar to those we have here.

It was shown that Sammy's mother permitted her child to go unattended to Owen's grocery. This was located on the main highway. While it was not necessary to cross the highway to reach the store, a child of four cannot be trusted to make such a trip without the likelihood of his deviating from the safe route. He does not appreciate the dangers of highway traffic. Almost any attraction across the street may entice him onto the thoroughfare. There was certainly evidence of substance that the mother may not have exercised due care, when she permitted her child to be this far from home in such a vicinity unattended by some older person. The issue was, therefore, properly submitted to the jury.

Appellant's next contention is that the physical facts conclusively prove the negligence of the truck driver was the sole cause of the accident. By mathematical calculations with respect to the length of the truck, the width of the highway, and the distance and direction of the skid marks, the argument appears to be that the truck was moving at an excessive speed, and was on the wrong side of the road. The physical facts do not clearly prove what appellant contends, and appellant's projected picture of the accident is in conflict with the direct testimony of eyewitnesses. As a matter of fact, this is a close case on the question of whether or not appellee, rather than appellant, should have had a directed verdict. At least there was abundant evidence to justify a jury finding that the truck driver was not negligent.

It seems to us that the issues of negligence and contributory negligence were properly submitted to the jury, and a verdict for appellee was fully supported on either ground.

The judgment is affirmed.