CASE 3—ACTION BY GEORGE B. DOVEY AGAINST·JAMES W. LAM AND
    OTHERS FOR ASSAULT AND BATTERY.—DEC. 9.

# Dovey v. Lam and Others.

117  19
c121  501

APPEAL FROM MUHLENBERG CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

EVIDENCE—COMPETENCY—WIFE OF JOINT DEFENDANT—TORT—SEVER-
    ABLE JUDGMENT—REVERSAL IN PART—BURDEN OF PROOF—MATTER
    IN AVOIDANCE.

Held: 1. The fact that the wife of one of the joint defendants in
    an action for tort testified for defendants could not furnish
    ground for reversal of the judgment in favor of defendants, ex-
    cept as to witness's husband.

2. Under Code Prac., sections 605, 606, rendering all witnesses of suf-
    ficient understanding competent to testify,. except certain classes,
    among which are husband and wife for or against the other,
    a wife of one of several defendants in an·action for tort, in
    which, by Kentucky Statutes, 1899, section 12, the verdict may
    be for some defendants and· against others, is a competent wit-
    ness for defendants other than her husband.

3. In an action for tort, when the answer did not controvert the petition, but pleaded in avoidance, the burden of proof was on defendants.

JONSON & WICKLIFFE, AND W. H. YOST, FOR APPELLANT.

POINTS ARGUED AND AUTHORITIES CITED.

1. The burthen of proof in the whole action lies on the party who would be defeated if no evidence were given on either side. Sec. 526, Civil Code.

2. Instructions though abstractly correct are not applicable under our system of practice. Phillips v. Phillips, 81 Ky., 328.

3. Contradictory instructions should not be given; one does not off-set the other. Tate v. Parish, 7 Mon., 327; Finch v. Shackelford, 7 R., 605.

4. Where the issue is a simple one, elaborate instructions are out of place. 12 R., 142.

5. The jury is the judge of the evidence, yet where the court has permitted incompetent testimony to go to the jury, or has excluded competent evidence, this court will reverse.

W. L. REEVES, ATTORNEY FOR APPELLEES.

Our contention in this case is:

1. In an action for assault and battery, where the answer alleges that "the defendants in defense of themselves and of the possession of their property gently laid their hands on the plaintiff, after he had first assaulted them, and without violence or injury to him, removed him from the house, using no more force than was necessary for that purpose, which is the same assaulting, beating and bruising complained of in the petition," the burden of proof was on the defendants.

2. It is competent for a defendant, in an action against him for assault and battery, to state in his testimony that "he used no more force than was necessary to control the pump and machinery on his premises."

3. The court properly refused to allow the defendants to be asked the question, "if they had not been indicted in the circuit court for the alleged assault on the appellant, and had made their peace with the Commonwealth by confessing and paying a fine."

4. Where several defendants are jointly sued in an action for assault and battery, the wife of one of them is a competent

Dovey v. Lam and Others.

witness for the defendants, except that her evidence can not be considered by the jury in so far as it affects her husband.

### AUTHORITIES CITED.

Civil Code, sections 525, 526; Walls v. Robb, 15 R.; 159; Phillips v. Mann, 19 R., 1705; Johnson v. Strong, 22 R., 577; Finnel v. Cox, 2 Met., 248; Thompson v. Com., 1 Met., 16; Adwell v. Com., 17 B. Mon., 318; Greenleaf on Evidence, section 335; Cornelius v. Com., 3 Met., 481; Underhill on Evidence, section 166; Central Passenger Ry. Co. v. Kuhn, 86 Ky., 593; State v. Adwell, 40 La. Ann., 600; Kentucky Statutes, section 12; Rochester v. Anderson, 1 Bibb, 439; Cox v. Cook, 1 J. J. Mar., 360; Civil Code, section 606.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

George B. Dovey, appellant, instituted this action aginst James W. Lam, W. N. Eads, G. W. Roark, Flint McDowell, and John G. Love, appellees, to recover for an assault and battery. They pleaded self-defense, and the jury found for them. The court entered judgment on the verdict, and the plaintiff appeals.

The difficulty occurred over the possession of a coal shaft and engine; the defendants claiming that Mrs. Rachel Mc-Neil was in possession, and that the plaintiff undertook to interfere with her possession, the defendants being her agents and servants. The court held the burden of proof to be on the defendants, and each of them was thereupon sworn in his own behalf. After the difficulty, and before the trial, Mrs. McNeil intermarried with the defendant, John G. Love. The other four defendants offered her as a witness in their behalf. The court ruled that she could not testify for her husband, but that she could testify for the other four defendants. He therefore allowed her to testify, instructing the jury that her testimony could only be considered as to the defendants other than her husband.

Of this action of the court, the plaintiff complains. It is insisted for the plaintiff that the jury could not disabuse their minds of the effect produced by her evidence, and would necessarily consider it as to her husband. If this is true, it would be no reason for reversing the judgment, except as to John Love, her husband, for, if the other defendants only had been sued, she would undoubtedly have been a competent witness; and these defendants were in fact more or less affected by her testimony being given when her husband was a party to the action, and it might be supposed that this would warp her judgment. But aside from this, by section 605 of the Code of Practice, every person is competent to testify, unless incapable of understanding the facts concerning which his testimony is offered, subject to the exceptions contained in section 606. By section 606, neither husband nor wife shall testify for or against the other, except in certain cases not material here. There is no other provision of the statute affecting the competency of the witness. As by section 605 every witness may testify who has sufficient capacity to understand the facts concerning which his testimony is offered, Mrs. Love was a competent witness, unless she was cut out by section 606. The only thing in section 606 affecting her is that she shall not testify for or against her husband. Under our statutes, in cases of this character the jury may find in favor of one of the defendants and against the others, or may find a larger amount against one than the others. Ky. St., 1899, section 12; Railroad Co. v. Kuhn, 86 Ky., 593, 9 R., 725, 6 S. W., 441, 9 Am St. Rep., 309. If five separate actions had been brought against each of the defendants, the wife might have testified in all the cases except her husband's; but, when all were sued in one suit, the proceeding was substantially the same as if five separate

suits had been brought, and all by consent heard together. The wife did not, therefore, testify for her husband. She testified only for the other defendants, and her evidence can not be rejected because the jury might unconsciously give it effect as to him. In tort cases against several defendants, it often happens that evidence is admitted against some of the defendants, or in their favor, which can not be considered as to the other defendants. Thus an admission may be made by some after the wrong has been committed, and this may be proved against them, but not against the other defendants. One may be released, and others not. One may by conduct show malice, and this may be done without the knowledge of the others, so that these facts are not competent against them. It therefore often happens in cases of this character that evidence is admitted which is only to be considered by the jury as to some of the defendants. In Shields v. Buddy, 2 Idaho, 884 28 Pac., 405, the plaintiff in a tort action offered to introduce the wife of one of the defendants as a witness against the other defendant under a statute substantially the same as ours. The circuit court refused to admit the evidence, but on appeal the judgment was reversed; the court holding that, inasmuch as a separate judgment might have been rendered in the case against each defendant, the wife of one was competent against the other, under instructions from the court that her testimony should not apply to her husband. In Albaugh v. James, 29 Ind., 398, the husband and wife were sued for a joint tort, and each was offered as a witness in his own behalf. The wife was not allowed to testify. On appeal this was reversed. The court said: "The defendants had each the right to testify in their own behalf. Because the testimony of the husband might benefit the wife, and that of the wife might

benefit the husband, is no reason for excluding the evidence. It would, however, be the duty of the court, by instructions, if asked, to limit the effect of the testimony to the case of the party testifying. 'When a party is sued, he or she has the right to testify in his or her own behalf, and a plaintiff can not deprive a defendant of this right by joining husband and wife in the same suit. A husband could not call a wife to testify for him, nor could a plaintiff call her to testify against her husband, but a husband and wife jointly sued may each testify in their own behalf." The tendency is to do away with the old restrictions, and to let the jury hear the evidence and judge of its credibility. In England, by statute, a man's wife may testify for him, just as his children, and the same rule prevails in many of the States. Our Code was intended to broaden the rule for the admission of witnesses, and its proper construction requires that every witness shall be allowed to testify, with the exceptions named in the statute. We therefore conclude that, the statute not forbidding the wife of one defendant to testify for another, she is a competent witness, where a separate judgment may be rendered as to each of the defendants.

The answer not controverting the allegations of the petition, but pleading matter in avoidance, the burden of proof was on the defendants. The other matters relied on in the admission or rejection of evidence were of minor consequence, and were properly ruled by the circuit court. The instructions fairly submitted the issue to the jury, and, on the whole case, we find no reason for disturbing the verdict.

Judgment affirmed.