CASE 37—WILL CONTEST BY J. W. HENNING AND OTHERS V. RICHARD T. STEVENSON AND OTHERS OF THE WILL OF FANNIE SPEED.—MAY 24.

# Henning and Others v. Stevenson and Others.

APPEAL FROM JEFFERSON CIRCUIT COURT—EMMET FIELD, JUDGE, COMMON PLEAS BRANCH, FIRST DIVISION.

FROM THE JUDGMENT SUSTAINING THE WILL, CONTESTANTS APPEAL. AFFIRMED.

WILLS—TESTAMENTARY CAPACITY—BURDEN OF PROOF—PRIMA FACIE CASE—QUESTIONS FOR COURT—INSTRUCTIONS—WITNESSES—CONTINGENCY—WIFE OF CONTESTANT—EVIDENCE—FINANCIAL CONDITION OF HEIRS—TRIAL—MISCONDUCT OF COUNSEL—DISCRETION OF COURT.

1. The burden of proof as to testamentary capacity which rests upon the propounders of a will is sustained when they have proved the due execution of a paper not irrational in its provisions, or inconsistent in its structure, language, or details with the sanity of the testator, and the burden of showing incapacity of testator is then shifted to the contestants.

2. In a will contest, where the testimony as to the execution of the will by the testatrix, and as to its being wholly in her own handwriting was uncontradicted it was proper for the court not to submit such questions to the jury, and to assume in its instructions that the testatrix had written the paper with her own hand.

3. Whether a *prima facie* case has been made out is a question for the court in will contests as well as in other cases.

4. The court should not instruct the jury as to the presumptions of law, but should so frame its instructions as to indicate the burden of proof, without expressly referring to it.

5. In a will contest, whether the testator was of sound mind at the time of the execution of the will is, under all the evidence, including that to be gathered from the will itself, one for the jury, and in instructing on the question it is proper for the court to

submit it in general terms, without any expression giving prominence to any part of the evidence.

6. Under Civ. Code Prac., sec. 606, providing that neither husband nor wife shall testify for the other except in certain specified cases, a wife of an heir of one dying testate could not testify for her husband in a proceeding, to which he was a party, brought to contest the will.

7. Under Civ. Code Prac, sec. 606, which disqualifies a wife from testifying for her husband, a wife can not testify in a will contest, to which her husband is a contesting party, even for the contestants other than her husband, for all the contestants on one side and all the contestees on the other must stand or fall together, so that the interest of the husband is not severable from the interest of the others.

8. On the issue of testamentary capacity, testimony that the natural objects of testatrix's bounty, to whom she had given but one-half of her estate, were all rich and abundantly provided for, was competent to show that testatrix made a rational disposition of her estate.

9. On the issue of testamentary capacity, evidence as to the financial condition of testatrix's relatives at the time of her death, which was over five years after the execution of the will, was properly excluded; though, by Ky. St. 1903, sec. 4839, a will is made to speak as if executed by testator immediately before his death.

10. In a will contest, counsel for contestees were not guilty of misconduct in asking questions directed to the financial condition of contestants at the date of testatrix's death, though the testimony was inadmissible, for on the question of its admissibility lawyers might well differ.

11. Where questions were asked and the answers excluded, it will be presumed that the jury tried the case only under the evidence before them.

12. In a will contest a question was raised whether testatrix was suffering at the time of the execution of the will from arterio sclerosis of the brain. Experts were allowed to state fully the symptoms of the disease, and to state from a hypothetical case their judgment as to the testamentary capacity of testatrix. The real facts were proved by a number of witnesses, and the will was before the jury. HELD, that the matter of permitting the experts to take the will and explain to the jury what evidences they saw, from the handwriting and structure of the instrument, that testatrix was suffering from arterio sclerosis, was discretionary with the trial court, and the refusal to permit them so to do was not, under the circumstances, an abuse of such discretion.

Henning and Others v. Stevenson and Others.

WILLIAM LINDSAY, FOR APPELLANTS.

The trial in the circuit court involved the right of the propounders to probate as the last will of Fannie Speed, deceased, certain papers offered as her will.

It was not witnessed by any one. The claim of the propounders is, that it was "wholly written" by the supposed testatrix, and that her name was subscribed thereto by herself.

One witness was introduced by the propounders, to testify to the hand writing of Mrs. Speed, and to the genuineness of her signature. This witness was also examined as to her testamentary capacity, and expressed the opinion that she was of sound mind when these papers purport to have been prepared.

The propounders did not treat the testimony of this witness, with the papers, concerning which he testified, as making out a *prima facie* case.

After each side had closed its testimony, and the court came to give its instructions, the burden was on the propounders to show:

1. That the papers offered were *wholly written by the supposed* testatrix, and that she subscribed her name to them.

2. That at the time the papers were prepared and signed she was a person of sound mind. Each was a question of fact to be decided by the jury and not by the court. The jurors were the sole judges of the credibility of the witnesses, and had the right to determine the effect of their testimony. The court had no right to withdraw from their consideration either of these fundamental and controlling questions.

Yet by the first instruction the court assumed and exercised the right to decide each and both of these questions. That instruction reads thus: "The court instructs the jury that they should find the paper dated January 5, 1897, read in evidence, and purporting to be the last will of Fannie Speed, and four papers read in evidence as codicils thereto, to be the last will of Fannie Speed, unless they shall believe from the evidence that at the time she wrote the said papers, or wrote one or more of them, she was not of sound mind, or that she wrote one or more of them under the influence of some other person or persons."

The court thus decided and the jury was peremptorily instructed to accept its decision that the papers named were wholly written by the supposed testatrix, and that her name was subscribed to each by herself, and that at the time the papers were so written and signed, she was *prima facie* of sound mind, and that said papers should be found by the jury to constitute her last will.

This instruction placed the questions of soundness of mind and undue influence on precisely the same footing. It de-

Henning and Others v. Stevenson and Others.

prived the contestants of the rights even to contend in the argument that the papers were not written or signed by Mrs. Speed. It made it necessary for them to establish by a preponderance of the evidence that she was not of sound mind when said papers were written and signed, or that she was induced to sign them by the undue influence of some other person or persons. As to the latter proposition, the court was correct. As to the first two propositions it was radically and fatally wrong.

### CITATIONS.

Flowers v. Fletcher, 40 W. Va., 107; Greenleaf on Evidence, vol. 1, sec. 578; Hawkins v. Grimes, 13 Ben Monroe, bottom page 210, side page 261; Johnson v. Stivers, 95 Ky., 128; Fee v. Taylor, 83 Ky., 259; Milton v. Hunter, 13 Bush, 171; Herman v. Heard, 62 N. Y., 448; Lamb v. Camden R. R. Co., 46 N. Y., 271; Powers v. Russell, 13 Pick., 271; Sutton v. Sadler, Common Bench Reports, N. S., vol. 3, pp. 98 and 99 (Eng. Com. Law Reports); Woodford v. Buckner, 23 L. R., 527; Patterson v. Hurst, 4 Bush, 647; Griffith v. Dickens 2 B. Mon., 20; Cosselman v. Dunphy, 172 N. Y., 507.

PIRTLE, TRABUE, DOOLAN & COX, for appellants.

### POINTS AND AUTHORITIES.

1. The evidence does not establish the testamentary capacity of decedent; and undue influence is made out.

2. The trial court erred in excluding the testimony of Dr. Pope and Dr. Ouchterlony as to symptoms of want of testamentary capacity in the probated papers. McAllister v. McAllister, 7 B. Mon., 271; Hawkins v. Grimes, 13 B. Mon., 257.

3. The court erred in refusing to permit Mrs. Julia Duke Henning, wife of Samuel C. Henning, to testify. Beach v. Cummins, 13 Ky. Law Rep., 881; Lamping v. Beiser, 13 Ky. Law Rep., 540; Worthley v. Hammond, 13 Bush, 510; Allen v. Russell, 78 Ky., 106; Distinguishing Williams v. Williams, 24 Ky. Law Rep., 1326; Wise v. Foote, 81 Ky., 10; City v. Geyler, 93 Ky., 282.

4. The court erred in placing the burden of proof of the whole case upon contestants. Sutton v. Sadler, 91 E. C. L., 86; Powers v. Russell, 13 Pickering, 69; Milton v. Hunter, 13 Bush, 163. This subject treated especially by our colleague.

5. A new trial should be granted on account of improper practice. McHenry, &c., Co. v. Sneddon, 98 Ky., 684; Cosselman v. Dunphy, 172 N. Y., 506.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING

Appellees offered for probate in the Jefferson county court a paper purporting to be the will of Fannie Speed. Its validity was contested. The county court admitted the paper to probate. The contestants appealed to the Jefferson circuit court, where the case was heard before a jury, who also found in favor of the will. Judgment having been entered on the verdict, the contestants appeal to this court.

Fannie Speed was the widow of Joshua F. Speed, who died in the year 1882, leaving an estate amounting to over $650,000. They had no children. Mr. Speed, by his will, after certain specific devises, gave one-half of his estate to his relatives and the other half to his wife. She received, under the will of her husband, about $325,000. She made her will in January, 1897, and died in the summer of 1902. At the time of her death her estate amounted to over $500,-000. Her husband was the partner of her brother, J. W. Henning, and her brother's sons managed her estate for her with rare fidelity and good judgment. Some weeks before the will was made, she sent and got some legal cap paper, and also got a former will she had made. After this on two afternoons she remained in her room, and wrote with her own hand, nobody being present or knowing what she had written, the paper in contest, placed it in an envelope, and delivered it to a lady who was living with her to keep as her will. The lady declined to keep it, and finally it was delivered to her nephew, Mr. Henning, who had it placed in a box in the vaults of the trust company, whence it was taken after her death, she having subsequently made some codicils to it that are not important. By her will, after a number of specific devices of no great value, she disposed of her entire estate. There was no question on the trial, under

the evidence, but that the paper was wholly in the handwriting of the testatrix, and was executed and published as her will. Its validity was assailed on the ground of incapacity and undue influence.

The chief complaint made on the appeal is of the following instructions given by the court: "(1) The court instructs the jury that they should find the paper dated January 5, 1897, read in evidence and purporting to be the last will of Fanny Speed, and the four papers read in evidence as codicils thereto, to be the last will of Fanny Speed, unless they shall believe from the evidence that at the time she wrote the said papers, or wrote one or more of them, she was not of sound mind, or that she wrote one or more of them under the influence of some other person or persons.  (2) But if she was not of sound mind when she wrote the said papers, or one or more of them, they should find the paper or papers written by her when she was not of sound mind not to be her last will.  (3) If she wrote the said papers, or any part of either of them, under the undue influence of any other person or persons as defined in instruction No. 5, the jury should find the paper or papers. or the parts thereof written under such undue influence, not to be the last will of the said Fanny Speed." By instruction 4 the court defined mental capacity; by instruction 5 he defined undue influence; by instruction 6 he directed the jury as to the form of their verdict. These were all the instructions given.

The only instruction complained of is No. 1. This is complained of on the ground that the burden of proof as to capacity continues upon the propounders throughout the case. But in Milton v. Hunter, 13 Bush, 163, this court, in a well considered opinion by Chief Justice Lindsay, condemned an instruction which placed the burden of proof as

to testamentary capacity upon the propounders, and laid down the rule that when they have proved the due execution of a paper, not irrational in its provisions, nor inconsistent in its structure, language, or details with the sanity of the testator, the presumption of law makes out for them a *prima facie* case, and the burden of showing incapacity on the part of the testator is shifted to the contestants. This rule has since been followed in Flood v. Pragoff, 79 Ky., 611 3 R., 372; Fee v. Taylor, 83 Ky., 259, 7 R., 248; Bramel v. Bramel, 101 Ky., 72, 18 R., 1074, 39 S. W., 520; Howat v. Howat, 41 S. W., 771, 19 Ky. Law Rep., 756; King v. King, 42 S. W., 347, 19 Ky. Law Rep., 868; Boone v. Ritchie, 53 S. W., 518, 21 Ky. Law Rep., 864; Woodford v. Buckner, 111 Ky., 241, 63 S. W., 617, 23 Ky. Law Rep., 628; Dunaway v. Smoot, 67 S. W., 62, 23 Ky. Law Rep., 2291.

The evidence as to the execution of the will by the testatrix, and as to its being wholly in her own handwriting, was uncontradicted. There being no conflict of evidence on these matters, the court did not err in not submitting them to the jury, and in assuming, in the instruction, that the testatrix had written the paper with her own hand.

But it is insisted that the court erred in not submitting to the jury whether the paper was consistent in its provisions and rational on its face. Our attention is called to the fact that the instruction approved in Bramel v. Bramel and Woodford v. Buckner, contained words submitting this question to the jury. But in the Bramel Case the instruction had been given on the trial, and the judgment of the circuit court was affirmed. In the Woodford Case the Bramel Case was simply followed. In both these cases the only question considered by the court was as to the burden of proof. The form of the instruction, in so far as it relates to the words referred to, was not considered, and there is nothing

in either of these opinions to show that these words were deemed material. On the other hand, in Howat v. Howat and Boone v. Ritchie, instructions were approved which were substantially the same as that complained of. It is a question for the court to determine when a *prima facie* case has been made out. The court must determine this question, in will cases as in others, for himself, and frame his instructions to the jury accordingly. When the contestants have shown the execution of a paper, rational in its provisions, they have made out a *prima facie* case; and, when the court comes to instruct the jury, the rule is that he should not instruct them as to the presumptions of law, but should simply so frame his instructions as to indicate the burden of proof, without expressly referring to it. Davis v. Paducah Railway Company, 113 Ky., 267, 68 S. W., 140, 24 Ky. Law Rep., 135. Under this rule the court must determine for itself on whom the burden of proof rests, and so indicate in his instructions. When he has done this in a will case, it is a question for the jury, under all the evidence, whether the testator was of sound mind at the time of the execution of the will. In determining this question they may consider all the evidence before them, including the will itself, which, when wholly written by the testator, is potent evidence of the condition of his mind at the time. The rule is that the court should not in his instruction single out or give prominence to any part of the evidence in the case. The instruction given by the court is preferable to the form referred to in Bramel v. Bramel and Woodford v. Buckner, for it gives no prominence to any of the evidence. The court did not determine for the jury that the will was rational on its face. It indicated nothing on this subject by the instruction. It simply indicated by the instruction the legal presumption in favor of sanity, without expressly referring to

it. The question to be determined by the jury as to the capacity of the testatrix was wether she was of sound mind at the time she made the will. On this question the court, by the instruction, indicated nothing, except the party on whom the burden of proof rested. The jury were left to decide the question on all the evidence before them. The will was before them, and they could give it such weight as they saw proper; but, after all, the question of testable capacity was the issue to be determined by the jury, and this was properly submitted to them in general terms, without any expression from the court giving prominence to any part of the evidence before them. If the court had added to instruction No. 1 the statement that, in determining the capacity of the testatrix, they should consider all the evidence before them, and that in so doing they should consider the will itself and the nature of its provisions, its practical effect would not have been at all different, for the will was before the jury, it was read and exhibited to them as the sole act of the testatrix, in which she was unassisted by any one, and it was of necessity, if rational or irrational, considered by the jury in coming to their verdict.

The wife of one of the contestants was offered as a witness for them. The court refused to allow her to testify, and of this they complain. By section 606 of the Civil Code of Practice, neither a husband nor his wife shall testify for the other in actions of this character, except in actions which might have been brought by or against the wife if she had been unmarried, and in such actions either, but not both, of them may testify. The wife had no interest in the case, and, if she had been unmarried, might have testified. But the meritorious cause of action was in the husband and not in her, and it was not one of those cases in which either the husband or wife may testify. Those are the cases where

the meritorious cause of action is in the wife. Wise v. Foote, 81 Ky., 10, 4 R., 643. It is insisted, however, that, though she could not testify for her husband, she might testify for the other contestants. It has been held that where the defendants are severally liable, and separate judgments may be rendered as to each, the wife of one is covpetent for the others. Dovey v. Lam, 117 Ky., 19, 77 S. W., 383, 25 Ky. Law Rep., 1157. But a will contest is not a case of this sort. The admissions of one devisee are competent against all the devisees, because they have a common interest in the same question, and must stand or fall together, being thus consolidated by their testator, and by their own act in claiming under his will. Beall v. Cunningham, 40 Ky., 399; Rogers v. Rogers, 41 Ky., 324; Gibson v. Sutton, 70 S. W., 188, 24 Ky. Law Rep., 868. The question to be determined here was whether the paper was the will of the testatrix. All the contestants and all the contestees must stand or fall together. The judgment established a status which determined all their rights. The interest of one could not be separated from the interest of others. The wife of one of the contestants or devisees was not, therefore, a competent witness for her husband, or for any of the other parties joined with him as contestants or contestees. Wise v. Foote, 81 Ky., 10, 4 R., 643; Williams v. Williams, 71 S. W., 505, 24 Ky. Law Rep., 1326.

Appellants also complain of misconduct of counsel in asking certain questions, the purpose of which was to show that the contestants were already rich, and that for this reason the testatrix acted rationally in only giving them one-half of her estate. The contestants are heirs at law of the testatrix, the children of her deceased brother. If these people had been in indigent circumstances, this fact, if known to the testatrix, might have been shown by them as evidence that

the testatrix ignored the natural objects of her bounty. The proof shows that she was on very affectionate terms with her relatives, and was justly attached to them. To explain why she, under these circumstances, gave them only one-half of her estate and devoted the other half to a certain charity, the propounders undertook to show that she had been for years much interested in this charity, and that her relatives were already abundantly provided for. The evidence was competent, for it only placed the jury in the light of the circumstances surrounding the testatrix, and aided them in determining whether she took a rational survey of her estate and disposed of it according to a fixed purpose of her own. The questions objected to were excluded by the court on the ground that they related to the financial condition of the devisees at the time of the trial, and not to their condition at the time the will was made. As over five years had elapsed since the making of the will, the ruling of the court was proper, although by statute the will speaks as if executed by the testator immediately before his death. Ky. St., 1903, section 4839. But we do not see that there was any misconduct of counsel in asking the questions, for the admissibility of the evidence was a subject on which lawyers might well differ. But the court not having admitted it, we must presume that the jury tried the case under the evidence before them. We do not see anything in the record to indicate that the appellants were prejudiced by this matter; on the contrary, it is hard to see how the jury could have reached any other conclusion under the evidence.

Appellants also complain that two physicians called by them as experts were not allowed to take the will and explain to the jury from the will what evidences they saw, from the handwritng and the structure of the instrument, that the testatrix was suffering at the time from arterio sclerosis of the

Henning and Others v. Stevenson and Others.

brain. The witnesses were allowed to state to the jury fully the symptoms of the disease, and also to state, from a hypothetical case put to them, their judgment as to the testable capacity of the person indicated. To have allowed them to have taken the will and gone over it, stating what here and there they saw, in the omission of letters or proper punctuation, to indicate sclerosis, would have been to have opened up a wide field of inquiry. The court has a discretion in matters of this sort. The record before us comprises something like 1,000 pages. The real facts about the testatrix were proved by a number of witnesses, and we do not see that there was an abuse of discretion on the part of the court in refusing to allow the evidence in question, or that, if admitted, it could have had any appreciable effect on the case. The will was before the jury. They could see and any attorney could call their attention to anything in the will, either in the shape of the letters or the punctuation or the structure of the sentences, that indicated sclerosis. The experts were permitted to tell all the signs of the disease, and one person could apply the symptoms to the writing as well as another. Bad punctuation, or the omission of a letter here and there, or badly constructed sentences are not confined to people who are suffering with sclerosis of the brain; and, therefore, what the writing really indicated was to be determined, not alone from expert testimony, but from common experience, as other like questions. In view of the entire record, we conclude that appellants got their whole case fairly before the jury, and that there is no substantial error to their prejudice shown by the record.

Judgment affirmed.