## W. W. Woodruff Hardware Company, et al. v. Wender Blue Gem Coal Company.

(Decided December 9, 1910.)

### Appeal from Whitley Circuit Court.

1. Injunction—Payment of Replevin Bond—Evidence—Sufficiency.— Appellant obtained a judgment against appellee for $95.89, with interest and cost. Execution issued and it was replevied by appellee. Appellant assigned the replevin bond and judgment to G. L. W. for cash, who had execution issued in his name and that of appellant. G. L. W. and the sheriff instituted an action against appellant to enjoin proceedings on the execution on the ground that the judgment and bond had been paid. The circuit clerk granted a temporary restraining order, to which a demurrer of appellant was overruled, and appellant then filed answer to the effect that the bond and judgment had been merely assigned to G. L. W. and had not been paid. On final hearing the chancellor awarded appellee a permanent injunction, and from this judgment plaintiff appeals. Held, the evidence was sufficient to show that the judgment and bond had been satisfied.

2. Same—Unlawful Sale.—If the judgment and replevin bond had been satisfied appellee did not have to allege and show that it was insolvent in order to obtain an injunction. Whether solvent or not, it had the right to protect its property against an unlawful sale.

3. Wife of Member of Firm—Competency as Witness—Agency.—The wife of a member of a firm which is a party to an action is a competent witness for the firm on the ground that she was the husband's agent and testified to such matters as were connected with the agency.

J. B. SNYDER, B. B. SNYDER, N. R. PATTERSON, GILLIS & GILLIS for appellants.

W. R. HENRY for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

In 1908, the W. W. Woodruff Hardware Company obtained a judgment in the Whitley circuit court against the Wender Blue Gem Coal Company for $95.89, with interest and costs. An execution was issued on this judgment and was replevied by the Wender Blue Gem Coal Company by the execution of a replevin bond signed by S. A. Wender, Curd Walker, William Petrey and F. F. Walker. This bond was not paid at maturity. About a month after the maturity of the bond the Woodruff Hardware Company assigned the bond and judgment to appellant, George L. Washburn, who paid the full face value of the bond in cash. On March 26th, 1909, George L. Washburn, the assignee of the bond, caused an execution to issue on the bond in his name and in the name of the W. W. Woodruff Hardware Company. This execution was placed in the hands of W. B. Croley, sheriff, to be executed.

On April 20th, 1909, the appellee, Wender Blue Gem Coal Company, instituted this action against appellants, W. W. Woodruff Hardware Company, George L. Washburn and W. B. Croley, sheriff of Whitley county, to enjoin the proceedings on the execution, on the ground that the judgment and replevin bond had been paid and satisfied. On June 5th, the clerk of the Whitley circuit court granted a temporary restraining order. Appellants demurred to the petition, and their demurrer was overruled. They then filed an answer to the effect that the bond and judgment had been merely assigned to the appellant, George L. Washburn, and denied that the judgment or bond had been paid. On final hearing of the case the chancellor awarded appellee a permanent injunction. From the judgment so entered this appeal is prosecuted.

According to the evidence for appellee, S. A. Wender, the president of the Wender Blue Gem Coal Company, went to appellant Washburn and asked him to pay off the judgment which the W. W. Woodruff Hardware Company had obtained against the Wender Blue Gem Coal Company. This Washburn agreed to do. At the time of this transaction, S. A. Wender was leasing the mines of the appellee, Wender Blue Gem Coal Company. The latter was then in debt, and it was agreed between it and S. A. Wender that he should apply the royalties due

the Wender Blue Gem Coal Company on the debts of the company, and that he would be given credit for the sum so paid in his settlements with the company. S. A. Wender was then shipping coal to Washburn, who had an account with the latter. Wenders's wife kept his books and the books of the Wender Blue Gem Coal Company, of which she was secretary and treasurer. Both Wender and his wife testified that, after giving Washburn credit for the amount due on the judgment and replevin bond, Washburn was still indebted to them in a small sum. The amount so credited to Washburn was charged on appellee's books against the Wender Blue Gem Coal Company. The full statement of the account between Washburn and Wender, taken from Wender's books, is contained in the record. Wender's wife testified to the correctness of this account and the fact that she made the entries.

The evidence for appellants is to the effect that Washburn purchased the judgment and bond. He did not pay them off merely for the accommodation of Wender. The greater part of Washburn's testimony is taken up with proof of this fact. He denied that he was indebted to Wender in any sum, but states that Wender was indebted to him in the sum of seventy odd dollars. Washburn's testimony as to the assignment of the judgment and bond is corroborated by the testimony of H. A. E. Parsons, secretary and treasurer of the W. W. Woodruff Hardware Company.

Much stress is laid upon the point that the weight of the evidence is to the effect that Washburn did not pay off the judgment and bond at S. A. Wender's request, but purchased the judgment and bond and took an assignment of them. This fact, however, we regard as immaterial. The real question in the case is: Did the Wender Blue Gem Coal Company, or any one for it, pay off and discharge the judgment and bond? Appellant Washburn has not furnished any statement of his account with Wender. He contented himself in his deposition by merely testifying to the fact that Wender owed him a balance of about seventy odd dollars. After the depositions of Wender and his wife were taken, he did not attempt to show that any of the items embraced in the account between him and Wender were incorrect, or that he was entitled to other credits than those allowed him in the statement of the account. That being true we see no reason for reversing the finding of the chancellor

on the facts. In the absence of a more definite showing as to the condition of his account with Wender, we conclude that the evidence was sufficient to show that the judgment and bond had been satified by giving Washburn credit for the amount paid by him, and by charging this amount to appellee, the Wender Blue Gem Coal Company.

The books of S. A. Wender and the Wender Blue Gem Coal Company were properly admitted in evidence. They consisted of the original entries made by Mrs. Wender, and she testified to their correctness.

The court did not err in permitting Wender's wife to testify. Although he had signed the replevin bond, he was not a party to the action. Appellee was entitled to the benefit of her evidence, notwithstanding the fact that it might indirectly benefit her husband and release him from liability on the bond. (Dovey v. Lam, 117 Ky., 19; Schonbachler's Adm'r v. Mitchell, &c., 121 Ky., 498.) The evidence was also admissible on the ground that the wife was the husband's agent and testified to such matters connected with such agency. Logsdon v. Stern, 117 Ky., 217.

The court did not err in overruling appellant's demurrer to the petition. While the petition does not allege that appellee had property, it does allege that, unless restrained by injunction, the sheriff would levy the execution and seize appellee's property thereunder and sell same, and thereby deprive appellee of the use, enjoyment and title to same. This was, in effect, an allegation that it had property that might be sold. While the petition does not allege, in terms, that appellee signed the replevin bond and that the execution was issued against it as well as the other signers, it is apparent from the reading of the whole petition that such was the case. If, then, the judgment and replevin bond had been satisfied, appellee did not have to allege and show that it was solvent in order to obtain an injunction. Whether solvent or not, it had the right to protect its property against an unlawful sale.

Being of the opinion that appellee was entitled to a permanent injunction, we deem it unnecessary to pass upon the other questions raised, which concern only the propriety of the clerk's action in granting the temporary restraining order.

Judgment affirmed.