# Martin et al. v. Combs et al.

Nov. 22, 1940.

Robert R. Friend, Special Judge.

J. J. McBrayer and C. B. Wheeler for appellants.

Combs & Combs, Bert T. Combs and Troy D. Savage for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

Mrs. Lena Hall, who was a resident of Knott County, but who had lived with her three unmarried children in Lexington for a considerable portion of the time for several years prior to death, died January 15, 1937, survived by seven children who were her only heirs at law. Probate proceedings were had before a pro tem judge of the Knott County Court concerning her will in March, 1937, resulting in the eventual entry of an order probating the will. An appeal from this order was taken to the circuit court but was later dismissed without prejudice. A petition was filed and a motion was made in the county court to set aside the probating order on the ground that it was not legally entered and signed, but this relief was denied in the county court and an appeal from that action of the court was taken to the circuit court. On that appeal it was also asserted that the will was not the last will of the testator because of undue influence exercised over her by her three unmarried children to whom a major portion of her estate was devised.

While the latter appeal was pending, probate proceedings were again held before the regular county judge and an order probating the will was entered by him. An appeal was taken to the circuit court from this order by Lawrence Hall, one of the appellants on the first appeal, and all necessary parties were summoned except Dina Martin, a daughter of Mrs. Hall. Appellant, Minnie Calvert, filed a plea in abatement to the appeal taken by Lawrence Hall, seeking to have it abated on the ground that the second appeal above mentioned was another action pending between the same parties over the same subject matter. This plea was overruled and the circuit court ordered the two appeals consolidated over the objection of both appellants, Minnie Calvert and Dina Martin. The case came to trial in August, 1938, long after the day it was originally set and the jury sustained the will and judgment was entered on that verdict, resulting in the present appeal.

It is first contended that the trial court was in error in trying the case because Dina Martin was not summoned on the appeal taken by Lawrence Hall from the county court judgment of probate. It is at once apparent that this contention had no merit for the reason that the objection made by Dina Martin to the consolidation of the two appeals entered her appearance to the second appeal—she was, by making this objection, as effectually before the court as if she had been summoned.

It is contended also that the trial court was in error in refusing to sustain the plea in abatement. We have examined carefully the entire matter of procedure leading up to the trial and we are convinced that no substantial error prejudicial to appellants' rights was committed. It must be assumed that by taking the appeal appellants desired a trial of the case on the merits and this was accorded them. If it be conceded, arguendo, that the original order of probate was void, which is doubtful, this would have resulted in the dismissal of appellants' second appeal to the circuit court to be followed later by another appeal to be taken by them from the second probating order after which they would have reached a final trial on the merits of the case, which was exactly what they obtained. However, appellants attempt to show prejudice to their rights on the trial in the manner in which the case was argued to the jury.

It would occupy considerable space and serve no useful purpose to set out at length the details on which this argument is based. Suffice it to say, we have examined the record carefully as to this matter and have reached the conclusion that the trial court handled this matter with both skill and fairness so that appellants' rights were amply and completely protected. A fair and impartial trial on the merits was accorded them and inconsequential irregularities in mere technical departure from usual procedure does not require a reversal of the judgment.

While it is not urged in appellants' brief that the verdict was flagrantly against the evidence, it is argued that the evidence shows that the will was obtained by undue influence. We will treat this as if the question were properly raised in the brief to the extent of saying that we have examined the evidence carefully and find that it is far from being so flagrantly against the evidence as to justify a reversal of the judgment—in fact it is doubtful that the preponderance of the evidence is in favor of appellants. While the estate disposed of amounted to approximately $30,000 and all of it, with the exception of timber of the approximate value of $1,500, was devised to the three unmarried children of testatrix with whom she made her home, the other four married children being given only the timber, nevertheless other evidence appears to have established a fixed purpose on her part for a number of years to give practically the whole of the estate to her unmarried children. One of the appellants testified that she and her sisters at one time, approximately 10 years before her mother's death and, when the witness was 17 years old, induced her mother by undue influence to execute a will leaving all property to the unmarried children. This evidence does not possess a ring of conviction and is not potent with us. Other witnesses testify as to statements made by the testator indicating that the unmarried children had unduly influenced her in making a will and still others testified to statements made by one of the three unmarried children, George Hall, to the effect that he could have induced his mother to make any will he desired. Evidence as to these latter statements is flatly contradicted, however, and at most such evidence merely conduced to show opportunity for the exercise of undue influence, not its actual exercise. The burden of estab-

534

lishing that the will was executed as a result of undue influence imposed on the testatrix was on the appellants and it is our conclusion that the jury was amply justified in finding that they failed to sustain this burden.

The next ground urged for reversal is that the trial court erroneously permitted a witness to introduce in evidence a verbatim copy of a will written by him for the testatrix in the year, 1930, disposing of her property to her unmarried children, including at that time the appellant, Minnie Calvert, in substantially the same terms as the will in controversy. It is insisted that at the most this witness should have been permitted to refresh his recollection from the copy of the will retained by him since it was never shown that the will was duly executed by the testatrix. One of the appellees testified that her mother signed the will, after striking the name of Minnie therefrom after her marriage, and that it was witnessed, being later destroyed by fire. Such testimony, however, fell short of proving that that will was duly executed, since it may have been witnessed by only one witness. Nevertheless, it is our conclusion that no substantial or prejudicial error was committed in permitting the copy in evidence. While it is true that by virtue of Kentucky Statutes, Section 4852, no will may be received in evidence until it has been admitted to probate, yet it is pointed out that in Mussinon's Adm'r v. Herrin, 252 Ky. 495, 67 S. W. (2d) 710, that this statute only prohibits the admission in evidence of an unprobated will for the purpose of affecting title to property and it was there held that a former will which has been revoked by a subsequent will is competent for the purpose of showing a fixed intention of the testator. By analogy a will which the testator supposes was duly executed is competent to establish her purpose at that time, though it may turn out to be void for lack of compliance with the statutes as to execution. The copy of the will introduced was not for the purpose of proving a lost will or of affecting title to property and under the proof, was just as relevant to establish a fixed intention as if the will had been executed with all the formalities required by law. No error was committed in permitting the copy to be introduced.

Complaint is also made that error was committed in permitting proof as to the financial condition of the four married children of the testatrix, but it is well settled

that evidence of this character is admissible in will cases for the purpose of showing the reasonableness, or unreasonableness, of the will as the case may be. Keene v. Herr, 175 Ky. 462, 194 S. W. 538, Henning v. Stevenson, 118 Ky. 318, 80 S. W. 1135, 26 Ky. Law Rep. 159.

The final contention necessary to be considered is that error was committed in excluding from the jury certain testimony of one Collins and his wife concerning a conversation with George Hall and in refusing to permit cross-examination of George Hall with reference thereto. The evidence disclosed that George Hall, after his mother's death, had in possession the will in controversy as well as an holographic will executed by Mrs. Hall about a year prior thereto containing practically the same provisions. Mr. and Mrs. Collins testified that George told them that Mrs. Hall had made two or three wills—that she made a will about two weeks before she died which was practically an equal division of her property except that she gave a little extra to Hazel, one of the unmarried daughters. This was excluded from the jury and it is of this ruling that this complaint is made. Were this a proceeding to probate a later will, claimed to have been made two weeks prior to the death of the testatrix, such evidence would, of course, had been relevant and competent but it does not appear to us that it was of such material relevancy, on the question of undue influence imposed on the testatrix in the execution of the will in controversy as to justify a reversal. Further, when objection to the cross-examination of George Hall as to the supposed later will was sustained, no avowal was made that such a will was executed by the testatrix, nor did the questions propounded to George Hall out of the hearing of the jury establish that he had actual knowledge of such a will or its execution, or that the testatrix had told him that she had made such a will. In these circumstances it does not appear that any error prejudicial to appellants' substantial rights was committed—certainly where the rights of the other appellees, as to whom it was sought to make this statement of George Hall admissible, would be so vitally affected, we are warranted in so holding, though such a statement made by him might have been competent, under certain conditions if based on actual knowledge or information received from the testatrix. Finally, since the effect of the statement of George Hall was in sub-

stance evidence as to the contents of the supposed later will, such evidence was not competent unless it was shown that the supposed will was lost or destroyed or was otherwise unavailable for production—the will, itself, was the best evidence of its contents and parol proof thereof was incompetent unless its nonproduction was satisfactorily accounted for.

We have neglected up to this point to mention a motion made in this court which was passed to the merits, that motion being to set aside the order of submission and direct the clerk to reform the record. In the record the clerk has copied portions of other actions as well as briefs filed in the trial court and the record generally is badly arranged, the filing date of many pleadings not being shown and many pleadings appearing in incorrect order. Had this motion been seasonably made it is likely that serious consideration would have been given to it, but it was not made for more than six months after appellants' original brief was filed. To sustain the motion in these circumstances would entail unreasonable and unjustifiable delay and would accomplish no useful purpose and it is accordingly overruled. However, the compensation of the clerk will be decreased by twenty-five per cent. of the usual fee based on the record as actually copied, since the clerk should not be compensated for copying much unnecessary and improper matter in the record and for the reason that the record is so poorly arranged.

On the whole it appears to us that no error prejudicial to appellants' substantial rights was committed and that they received a fair and impartial trial.

Judgment affirmed.