# Big Sandy & Kentucky River Railway Co. v. Blair.

## Same v. Blair, et al.

(Decided May 8, 1928.)

## Appeals from Johnson Circuit Court.

1. **Railroads.**—Where evidence, in action for injury by collision at country crossing, made question for jury on railroad's negligence in failing to give statutory signals, and to maintain lookout at crossing, instruction should have directed jury to find for plaintiff, if trainmen failed to give signals required by Ky. Stats., sec. 786, or failed to keep lookout, and if such failure was proximate cause of injuries.

2. **Railroads.**—In action for injuries from collision with train at country crossing, involving question of negligence by trainmen in failing to give statutory signals and maintain lookout, instruction requiring trainmen to have engine under reasonable control was erroneous.

3. **Trial.**—In action for injuries to person from collision with train at crossing, instruction authorizing jury to compensate plaintiff for permanent impairment of ability to earn money was erroneous under record affording no evidence of permanent injury.

4. **Trial.**—Instruction authorizing jury to compensate plaintiff, injured in collision with train at crossing, for loss of time occasioned by injuries, was erroneous, where petition did not sufficiently plead loss of time, and there was total failure of evidence thereof.

5. **Trial.**—Time lost as element of damage flowing from negligent injury must be specifically pleaded to authorize instruction thereon.

6. **Damages.**—In action for injuries to automobile by collision with train at crossing, instruction that, if jury found for plaintiff, to find such sum as jury believed from evidence would fairly compensate him for injury to automobile, not exceeding certain sum, was erroneous for failure to set standard of measurement for jury.

7. **Damages.**—In action for injury to automobile colliding with train at crossing, measure of damages is difference in market value of property injured immediately before, and immediately after, injury.

8. **Courts.**—In action for injuries by collision with train at crossing, state court is not bound by federal rule involving stop, look, and listen doctrine.

C. B. WHEELER for appellant.

BLAIR & HARRINGTON and FRED HOWES for appellees.

Opinion of the Court by Commissioner Sandidge—
Reversing.

By agreement it has been ordered that the two above-styled cases be heard together, and they will be disposed of in one opinion.

Appellee Alonzo Blair owned a Nash automobile. His son,' appellee, J. M. Blair, was driving it along a public highway in Johnson county. While crossing the. tracks of appellant, Big Sandy & Kentucky River Railway Company, the automobile was struck by one of appellant's trains, with damage both to the driver and the automobile. These actions were instituted to recover for the personal injuries and for the injuries to the automobile. Appellee J. M. Blair recovered a $400 verdict for personal injuries; and appellee Alonzo Blair recovered a $300 verdict for injuries to the automobile. Judgments were entered accordingly, and in each case the record has been filed and a motion for an appeal entered.

The petitions pleaded the negligence of appellant generally. The evidence for appellees was sufficient to take the case to the jury upon the theory that appellant negligently failed to give the statutory signals of the approach of the train to the crossing where the injury occurred, and negligently failed to maintain a lookout. The instructions should have directed the jury to find for plaintiff if they should believe from the evidence that the trainmen in charge of appellant's train failed to give the statutory signals required by section 786, Kentucky Statutes, defining them, or failed to keep a lookout for persons or vehicles crossing, or about to cross, the railroad track at the public crossing, mentioned in the evidence; and that such failure, if any, was the proximate cause of the injuries received by appellee Blair or damage to the automobile on the occasion in question. The instructions given in both cases were erroneous, in that they required the trainmen "to have the engine under reasonable control." The evidence discloses that this was merely a country crossing, and such as to fall clearly within the rule announced in L. & N. R. Co. v. Molloy's Adm'r, 122 Ky. 219, 91 S. W. 685, where it was said:

"The rule is that at ordinary highway crossings in the country no rate of speed is negligent, but that, where the speed of the train is great, care in giving warning of the approach of the train commensurate with the danger must be observed."

See, also, Louisville,. etc., R. Co. v. Goetz, Admr'x, 79 Ky. 442, 3 Ky. Law Rep. 221, 42 Am. Rep. 227; Parkerson. v. L. & N. Railroad Co., 8 S. W. 468, 25 Ky. Law Rep. 2260; C. N. O. & T. P. R. Co. v. Reed, 154 Ky. 380, 157 S. W. 721; L. & N. R. Co. v. Locker's Adm'r, 182 Ky. 578, 206 S. W. 780; Piersall's Adm'r v. C. & O. R. Co., 180 Ky. 659, 203 S. W. 551.

In the personal injury case, the instruction on the measure of damages was erroneous, in that it authorized the jury to compensate appellee J. M. Blair for the permanent impairment, if any, of his ability to earn money. The record affords no evidence of permanent injury. Hence no reference to impairment of earning capacity should have been made. This instruction was also erroneous, in that it authorized the jury to compensate him for loss of time occasioned by his injuries complained of. Time lost as an element of damages flowing from negligent injury must be specifically pleaded to authorize an instruction on the question. This question was fully discussed in L. & N. R. Co. v. Johnson, 214 Ky. 189, 282 S. W. 1087, and numerous other opinions of this court are therein cited. The petition herein does not sufficiently plead loss of time, and there is a total failure of evidence of lost time.

The measure of damages instruction in the action for the injury to the automobile was erroneous, in that it did not set a standard of measurement for the jury. They were instructed, if they found for plaintiff, to find for him such sum ''as you may believe from the evidence will fairly and reasonably compensate him for the injury, if any, to the car in question,'' not exceeding $1,200. The measure of damages in a case of this sort is the difference in the market value of the property injured immediately before, and immediately after, the injury. See Southern R. Co. in Kentucky v. Kentucky Grocery Co., 166 Ky. 94, 178 S. W. 1162; C. N. O. & T. P. R. Co. v. Sweeney, 166 Ky. 360, 179 S. W. 214; Kentucky Livery Co. v. Meyers, 196 Ky. 827, 245 S. W. 882.

.Appellant cites the recent opinion from the Supreme Court of the United States in B. & O. R. Co. v. Dora Goodman, 48 S. Ct. 24, 72 L. Ed. ——, as authority for the contention that a peremptory instruction should have been given for it at the close of the testimony. This court has never subscribed to the ''Stop, look, and listen'' doctrine, as has often been written, and is not bound·by the federal rule on the question.

For the reasons indicated, the motion for an appeal in each case will be sustained; the appeal is granted; and the judgments reversed, and causes remanded for other proceedings consistent herewith.