## Louisville & Nashville Railroad Company v. Campbell.

(Decided January 30, 1931.)

ASHBY M. WARREN, JESSE MORGAN and C. S. LANDRUM for appellant.

WOOTTON, HELM & WOOTON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE LOGAN—
Reversing.

The appellee is a prominent citizen of Perry county. In September, 1928, he bought a railroad ticket over the lines of appellant calling for transportation from Hazard to Dunraven. The train arrived at Dunraven late in the afternoon, or early evening. The station was announced in the coach and appellee arose and started to leave the train. When he came to the steps, the conductor was there and warned him to be careful, at the same time taking him by the arm to help him off. Appellee took hold of the "grabiron," as he called it, and when he reached the bottom step he placed his right foot on the ground and discovered that the train had started, with the result that he was thrown off of his balance and, holding onto the "grabiron," was dragged a few feet, when he was forced to loose his hold, and he fell under the train; but two young men who were nearby extricated him from his perilous condition without signs of serious injury.

He later instituted this action to recover damages, claiming that he had been injured about his legs, arms, hips, shoulders, back, and head, causing him to suffer great mental pain and anguish.

A trial resulted in a verdict and judgment in favor of appellee for $1,000. The first point urged for a reversal is that the petition did not state a cause of action. It was alleged in the petition that he purchased the ticket, boarded the train, and was carried to Dunraven, where the train stopped for passengers to alight, and that it was negligently started suddenly and without warning and before appellee had time to get off the train, and that by reason thereof he received the injuries mentioned. It is argued by appellant that it is not alleged in the petition that the train was not stopped for such reasonable length of time as would enable him to alight therefrom, or that he was exercising reasonable diligence to leave the train with reasonable dispatch, or in the customary manner. It is true the allegation of the petition may have been improved by alleging that the train did not stop a reasonable length of time for appellee to alight, but we are unwilling to say that the court erred in overruling the demurrer. The exact language of the petition on this point is that the train started "before the plaintiff had had time to get off the said train," and that language carried with it the ordinary meaning as used in connection with such matters. It was coupled with the allegation that he did not have the time to get off of the train by reason of the negligence of appellant.

It is contended by counsel for appellant that the court should have given a peremptory instruction to find for it at the conclusion of the evidence. The basis of this contention is that the evidence did not show that the train had stopped at the time he undertook to alight. We cannot agree with this contention. The evidence of appellee, if not directly stating that the train stopped, contains other statements from which the jury might have reasonably inferred that it did stop. The fact is that appellee, himself, used this language in his evidence:

"I got up and as soon as the train slowed up, stopped, I started to get off of the train."

The case does not fall within the rule announced in Central Kentucky Traction Company v. Combs, 143 Ky. 529, 136 S. W. 1045, as in that case the plaintiff attempted to alight from the train before it stopped. Appellee in the case before us was attempting to get off of the train under the supervision and direction of the conductor himself.

It is next urged that the court admitted incompetent evidence which prejudiced the rights of appellant. This evidence related to the failure of the conductor to use a movable step, by placing it on the ground so appellee could step on it as he alighted. Such failure appears to have had nothing to do with the accident, and that evidence was therefore irrelevant. There is some complaint that questions addressed to some of the witnesses were leading. There are grounds for complaint on that score.

The instructions are complained of. The first instruction appears to be substantially correct, as is the fourth; but the second instruction contains an error that makes it imperative that the judgment be reversed. The petition contains no allegation of permanent injuries, and the second instruction allowed a recovery for permanent reduction of his power to earn money. Proof must be directed at issues, and issues are made by the pleadings when the law itself does not make an issue as it does in some cases. Where there is no issue about the matter, there should be no evidence and no instruction submitting an issue to the jury which is not made by the pleadings. It was because of these fundamental principles that the court has said that proof without pleading is just as unavailing as pleading without proof. Utterback's Adm'r v. Quick, 230 Ky. 333, 19 S. W. (2d) 980.

It has been held that where recovery is sought for permanent impairment of the power to earn money, the petition must so allege. L. & N. R. R. Co. v. Moore, 150 Ky. 692, 150 S. W. 849; Warren v. Cumberland R. R. Co., 175 Ky. 92, 193 S. W. 1037. It was held in the case of Big Sandy & Kentucky River Railway Co. v. Blair, 224 Ky. 367, 6 S. W. (2d) 453, that an instruction on the measure of damages was erroneous, in that it authorized the jury to allow damages for the permanent impairment of the plaintiff's power to earn money when there was no evidence of permanent injury. Where there is no pleading of permanent injury, there should be no evidence to support such a claim, and while the evidence of permanent injury in this case is scant, if there is any it cannot avail appellee as there was no issue on that point.

Complaint is made about instruction No. 5. That instruction was:

"It is the duty of a common carrier to its passengers to exercise the highest degree of care and it

is required to provide for their safety as far as human skill, care and foresight are capable of securing that end."

The instruction should have required the use of the utmost skill which prudent men are accustomed to use under like circumstances. L. & I. R. Co. v. Hardin, 157 Ky. 13, 162 S. W. 541; L. & N..R. R. Co. v. Moore, supra. The duty of a common carrier was substantially stated in the abstract in the instruction given, as is pointed out in the case of Consolidated Coach Corporation v. Hopkins, 228 Ky. 184, 14 S. W. (2d) 768. But the standard must be determined by the care or utmost skill which prudent men are accustomed to use under like, or similar, circumstances.

We expressly refrain from passing on the question of whether the damages awarded were excessive, and that question is reserved.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.