## Southern Ry. Co. v. Feldhaus.

November 4, 1949.

Edward P. Humphrey for appellant.

John H. Dougherty for appellee.

STANLEY, COMMISSIONER—Reversing.

The appeal is from a judgment for $10,550 recovered by Leslie Feldhaus for injuries sustained when a

truck he was driving and a train of the appellant collided at a grade crossing on the Bardstown Road several miles south of Louisville.

The evidence for the plaintiff was that as the truck approached the crossing, the electric signal gave him no warning of the oncoming train; the bell was silent and the light was green. He testified there was no locomotive whistle blown or bell rung. There is other evidence that the train was running very fast. The defendant's evidence is that all the signals were given, that the crossing bell was ringing and the flasher light showing red, but the plaintiff, nevertheless, started across the track in the path of the train. Indeed, this is the preponderance and more persuasive evidence. The accident occurred about noon on a clear day.

The principal complaint of the appellant is that the instructions are erroneous in embracing the theory of negligence in the operation or the failure of operation of the automatic crossing warnings since the petition charged negligence only in relation to the operation of the train. The point is well taken. Chesapeake and Ohio Railway Company v. Coates, 271 Ky. 736, 113 S. W. 2d 28. It is also submitted that reference to the moderation of the speed of the train as an element of negligence was improper since the crossing was in the country. This point is also well taken under the facts. Piersall's Adm'r. v. Chesapeake and Ohio Railway Company, 180 Ky., 659, 203 S. W. 551; Big Sandy and Kentucky River Railway Co. v. Blair, 224 Ky. 367, 6 S. W. 2d 453. That part of the instruction containing these duties has no application to this crossing.

We may go further. The instruction, particularly paragraph (c), follows closely that given by this same division of the Jefferson Circuit Court and approved in Kentucky and Indiana Terminal Railroad Co. v. Cantrell, 298 Ky. 743, 184 S. W. 2d 111, published in the supplement to Stanley's Instructions to Juries, Section 644a. That case arose from the operation of a train in the heart of the city of Louisville where there were warning bells and lights at each street crossing. The opinion points out that the case did not involve a usual or ordinary grade crossing. The present accident, as we have said, occurred at the crossing of a highway in the country, and it was not alleged to be a dangerous

one. Hence, the form of instruction was not applicable even should the form be regarded as proper at the ordinary street and railroad crossing where automatic warning signals have been installed. We do not here reconsider that question or decide any other point raised in this case.

The judgment is reversed.