**CALHOUN v. SALLEE.**

Court of Appeals of Kentucky.

June 19, 1953.

Fulton & Hubbard, Bardstown, for appellant.

J. T. Hatcher, Elizabethtown, for appellee.

CULLEN, Commissioner.

Mrs. Mattie Lucille Sallee was awarded damages in the amount of $4,334.50 for personal injuries sustained when the automobile of the appellant knocked her down and ran over the calf of her leg. The appellant claims that the verdict is excessive and was given under passion and prejudice.

The appellee's leg was not broken. However, she was confined in bed for two months, and at the time of the trial, eight months after the accident, her condition was such as to require her to use crutches on occasions and to wear an elastic stocking. There was evidence that she had been unable to resume her occupation as a professional seamstress, from which she had earned an average of $50 per month, and was unable to perform her usual tasks about the home. Dr. Bale testified that there were injuries to the tendons, muscles and cartilages in the knee; that this type of injury was worse than a broken bone; and that the appellee has had and will continue to have for some time pain and swelling. Under this evidence we cannot say that the award is excessive or was the result of passion and prejudice. Louisville Taxicab & Transfer Co. v. Reno, 237 Ky. 452, 35 S.W. 2d 902.

The appellant further contends that there was insufficient evidence to justify an instruction on permanent disability. Dr. Bale was asked, "Does she have some permanent disability to that leg?" He answered, "I am afraid she does." Dr. Bale also said, "I doubt if it will ever be a perfectly normal leg again." He further said, "I am afraid she is going to have some degree of permanent disability." We do not construe the words "afraid" and "doubt," as they were used by Dr. Bale, to have the meaning of guess or speculation; rather they express regret concerning a condition which the doctor found definitely to exist. Construing the doctor's words in the generally accepted meaning, we think there was sufficient evidence to authorize the instruction on permanent disability.

The third contention of the appellant is that the petition did not contain allegations sufficient to warrant the instruction on permanent disability. The petition contained a general description of the plaintiff's injuries, followed by the words, "from which her ability to labor and earn money has been permanently impaired." This was a sufficient allegation. Louisville & N. R. Co. v. Campbell, 237 Ky. 182, 35 S.W.2d 26; Central Kentucky Traction Co. v. Chapman, 130 Ky. 342, 113 S.W. 438.

The judgment is affirmed.