IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
July 25, 2000 Session

## STATE OF TENNESSEE v. MATTHEW SCOTT JOHNSTON

**Direct Appeal from the Criminal Court for Roane County**
**No. 11624A     E. Eugene Eblen, Judge**

**April 6, 2001**

**No. E1999-00496-CCA-R3-CD**

A Roane County jury convicted the Defendant of theft of an automobile valued at greater than $1,000.00, a Class D felony. He now appeals, arguing that the trial court erred in failing to instruct the jury on the lesser-included offense of unauthorized use of an automobile. We conclude that the trial court erred in failing to instruct the jury on the requested lesser-included offense but that the error was harmless beyond a reasonable doubt. Therefore, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Joe Walker, District Public Defender; Walter B. Johnson, II, Assistant Public Defender (on appeal); and Roland Cowden, Assistant Public Defender (at trial); for the appellant, Matthew Scott Johnston.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; J. Scott McCluen, District Attorney General; and D. Roger Delp, Assistant District Attorney General; for the appellee, State of Tennessee.

### OPINION

#### Facts

In 1996, Ronald Muecke owned a 1979 Porsche 928 automobile, which was advertised for sale in a Knoxville newspaper. On June 7, 1996, the Defendant, Matthew Scott Johnston, contacted Muecke in response to the advertisement. The Defendant went to see the automobile at Muecke Marine and Tire in Roane County, Tennessee, where Muecke worked. After some negotiating, Muecke agreed to sell the vehicle to the Defendant for $8,200.00, with the Defendant to pay $600.00 immediately; $400.00 the next day; and the balance of $7,200.00 in three monthly payments of

$2,400.00 each, beginning on June 30, 1996. Muecke had his secretary prepare a "Bill of Sale"[1] that set out the terms of the transaction, which included a two-week grace period for the monthly payments and an acceleration clause. The title of the vehicle was to remain with Muecke until the Defendant paid in full.

Although not stated in the Bill of Sale, Muecke required the Defendant to obtain insurance on the vehicle before taking possession. Rather than obtaining insurance on the vehicle, the Defendant made arrangements with a friend, Mike Jolley, whereby Jolley would pretend to be "Jolley Insurance" when called by Muecke. Muecke's father, Jack Muecke, called Jolley and, after giving the appropriate information about the vehicle to Jolley, was told by Jolley that the vehicle was covered by insurance. Although Jolley was not an insurance agent, he apparently was convincing enough to deceive Jack Muecke.

Based on the insurance deception and his receipt of $600.00 cash from the Defendant, Muecke gave the Defendant possession of the vehicle on June 7, 1996, the day the agreement was reached. The next week, Muecke received an additional sum of $380.00 from the Defendant in the form of a money order. The Defendant made no other payments to Muecke for the vehicle.

Between June 7, 1996 and July 29, 1996, Muecke and his father learned that "Jolley Insurance" did not exist and that the Defendant did not work where he had said he did on June 7, 1996. When the grace period for the June 30, 1996 payment expired, Muecke began looking for the Defendant in an attempt to recover possession of the vehicle. Muecke eventually spoke to the Defendant and told him to pay the full balance due or return possession of the vehicle to Muecke. When the vehicle was not returned, Muecke obtained an arrest warrant against the Defendant for theft of the vehicle.

The Defendant had possession of the vehicle from June 7, 1996 until July 29, 1996. On July 29, 1996, the Defendant returned the vehicle to Muecke and was immediately arrested for the theft of the vehicle. On the day of his arrest, the Defendant was twenty-nine days late in paying the first payment of $2,400.00 and two days from becoming late on the second payment of $2,400.00. Muecke asserted at trial that when the vehicle was returned on July 29, 1996, it was damaged in the amount of $4,572.52, and he stated that he later sold the vehicle (presumably in its damaged condition) for $4,500.00.

**Analysis**

The Defendant was charged with and convicted of theft of property, which is defined as follows: "A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103. The lesser-included offense at issue in this case, the unauthorized use of an automobile, is defined as follows: "A person commits a Class A misdemeanor who takes another's automobile . . . without the consent of the owner and the person does not have the intent to deprive the owner thereof." Id. § 39-14-106. As the State points out in

---

[1]The transcript indicates that the documents related to the sale were introduced as an exhibit, but the exhibit is not included in the record on appeal.

its brief, the difference between the two offenses is whether there is an intent to deprive the rightful owner of the property.

The State and the Defendant agree that in this case the unauthorized use of a vehicle is a lesser-included offense of theft of property. The issue, then, is whether the evidence in this case justified a jury instruction on the lesser-included offense. Our supreme court, in State v. Burns, 6 S.W.2d 453 (Tenn. 1999), adopted the following two-step process for determining if the evidence justifies a jury instruction on the lesser-included offense:

> First, the trial court must determine whether any evidence exists that reasonable minds could accept as to the lesser-included offense. In making this determination, the trial court must view the evidence liberally in the light most favorable to the existence of the lesser-included offense without making any judgments on the credibility of such evidence. Second, the trial court must determine if the evidence, viewed in this light, is legally sufficient to support a conviction for the lesser-included offense.

Id. at 469.

In applying the Burns analysis to this case, it is clear that evidence exists that reasonable minds could accept as to the lesser-included offense of unauthorized use of a vehicle and that the evidence is legally sufficient to support a conviction for the unauthorized use of a vehicle. Our review of the evidence at trial, viewed liberally in the light most favorable to the lesser-included offense, reveals the following: First, the Defendant entered into a contract with Ronald Meucke to purchase the vehicle. Although there was no contract provision requiring the Defendant to obtain insurance, it is clear that possession of the vehicle was obtained by the Defendant through deception concerning insurance coverage. Therefore, there is no question that the Defendant took the vehicle from Muecke without Muecke's effective consent.

Second, the jury heard evidence supporting a possible conclusion that the Defendant, despite having deceptively obtained possession of the vehicle without the owner's effective consent, intended to pay for the vehicle pursuant to the terms of the contract and to receive title to the vehicle upon payment in full. The terms of the contract for sale and the payment of $980.00 to Muecke could support a theory that the Defendant intended to pay for the vehicle. In addition, the contract provided that if the Defendant could not pay for the vehicle as agreed, he would return the vehicle to Muecke. Upon becoming $2,400.00 behind in his contractual obligation and within two days of becoming $4,800.00 behind, the Defendant returned the vehicle to Muecke. Again, liberally construed, this evidence could be used to infer that the Defendant did not intend to unlawfully deprive Muecke of the vehicle.

Based upon the evidence presented at trial and subject to the judgment of the jury as to the credibility of such evidence, the jury could have concluded that the Defendant was guilty of the unauthorized use of the vehicle because he took the vehicle without the owner's effective consent

on June 7, 1996, but did not have "the intent to deprive the owner thereof." Therefore, we conclude that the trial court erred by failing to instruct the jury on the lesser-included offense of unauthorized use of a vehicle.

The Tennessee Supreme Court has held that the failure to instruct on a lesser-included offense is subject to a harmless error analysis. See State v. Williams, 977 S.W.2d 101, 105 (Tenn. 1998). Reversal is only required "if the error affirmatively appears to have affected the result of the trial on the merits, or in other words, reversal is required if the error more probably than not affected the judgment to the defendant's prejudice." Id. This standard of appellate review was reaffirmed by our Supreme Court in State v. Swindle, 30 S.W.3d 289, 293 (Tenn. 2000). However, there has been some disagreement among members of this Court concerning the proper standard for determining whether a trial court's failure to charge a lesser-included offense constitutes reversible or harmless error. State v. Cornelius Michael Hyde, No. E2000-00042-CCA-R3-CD, 2000 WL 1877490, at *11 n.5 (Tenn. Crim. App., Knoxville, Dec. 28, 2000); see State v. Jumbo Kuri, No. M1999-00638-CCA-R3-CD, 2000 WL 680373, at *6-7 (Tenn. Crim. App., Nashville, May 25, 2000); State v. Khanh V. Le, No. W1998-00637-CCA-R3-CD, 2000 WL 284425, at *8-9 (Tenn. Crim. App., Jackson, Mar. 9, 2000); State v. Curtis J. Ely, No. 03C01-9806-CC-00215, 1999 WL 997505, at *8-10 (Tenn. Crim. App., Knoxville, Nov. 4, 1999) (Wade, J. dissenting), perm. app. granted (Tenn., May 22, 2000). A panel of this Court has recently held that a defendant's right to accurate jury instructions on all appropriate lesser-included offenses is constitutionally based, and error in this regard is reversible unless the State can demonstrate beyond a reasonable doubt that the error did not affect the outcome of the trial. State v. Jason Thomas Beeler, No. W1999-01417-CCA-R3-CD, 2000 WL 1670945, at *26 (Tenn. Crim. App., Jackson, Nov. 2, 2000).

We conclude that in this case, the jury instruction error is harmless under the Williams standard or the constitutional standard. The Defendant clearly obtained possession of the vehicle without the effective consent of the owner, Ronald Muecke. The Defendant, with the help of a third person, falsely convinced both Ronald Muecke and his father, Jack Muecke, that the vehicle was insured when the Defendant obtained possession. The Defendant then kept and had the use of the vehicle for fifty-two days. There is no evidence that the Defendant complied with or intended to comply with the terms of the sales contract. The uncontradicted evidence at trial showed that the Defendant's return of the vehicle was the direct result of his learning that failure to return the vehicle immediately could result in his arrest. There was evidence that the vehicle was returned damaged in the amount of $4,572.52, an amount that is more than one-half of the purchase price, and the damages clearly resulted in a substantial diminishment of the value of the vehicle.

Additionally, the "intent to deprive the owner of property" that is a necessary element of the crime of theft of property does not necessarily require an intent to deprive the owner of the property permanently. It is sufficient if the deprivation is "for such period . . . as to substantially diminish the value or enjoyment of the property to the owner" or to "use it . . . under circumstances that make its restoration unlikely." Tenn. Code Ann. § 39-11-106(8). The jury was presented evidence in this case that the Defendant obtained possession of a vehicle by fraud and used the vehicle until the owner "tracked him down" and threatened to have him arrested if he failed to return the vehicle. The

-4-

jury found beyond a reasonable doubt, based on the evidence, that the Defendant obtained possession of the vehicle with the requisite intent for theft.

For the above stated reasons, when we apply the Williams standard to this case, we cannot say that the failure to instruct on unauthorized use more probably than not affected the judgment. In applying the constitutional-based standard, we also conclude that the State has demonstrated beyond a reasonable doubt that the trial court's failure to instruct the jury on the lesser-included offense of unauthorized use of a vehicle did not affect the outcome of the trial. Accordingly, we AFFIRM the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE